[No. 4939.]

## THE PEOPLE EX REL. V. TANQUARY.

**Attorney—Proceedings to Disbar—**An attorney will not be disbarred except upon clear and convincing proof of the misconduct charged.—(124)

Charges based upon transactions which occurred many years anterior to the accusation will not be entertained.—(124)

The evidence held to acquit the accused of the alleged improprieties.—(123-125)

Original Proceeding *en banc.*

Messrs. MACBETH & MAY, for relator.

Mr. RALPH TALBOT, Mr. CHARLES D. HAYT, and Mr. CHARLES ROACH, for respondent.

*Disbarment Proceedings.*

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an original proceeding, in the name of the people, on the relation of the Colorado Bar Association, for the disbarment of the respondent, Nathan Q. Tanquary, as a practicing attorney of this state.

There are two charges in the information. The gist of the first one is succinctly stated by counsel for relator, in the opening paragraph of his argument, thus:

"To sum the whole case up and to put it in as few words as possible, the petitioner contends that respondent, taking advantage of his previous relations with the parties and knowledge thus gained of their affairs, injected himself into a matter with which he was not concerned, and by falsely pretending he had secured a dismissal of the Bradford ap-

peal, obtained $250.00 from the executor of the Leigh estate, well knowing the appeal had been disposed of, and fraudulently concealing the fact of such disposition from the executor and other interested parties; that such disposition was not brought about by him or through his procurement, and to accomplish his purpose he resorted to various subterfuges and trickery.''

The second charge is that, while representing one Forden, a defendant in divorce proceedings, upon an investigation by the court of the financial condition of his client, the respondent counseled the latter to conceal certain of his assets which had been turned over to respondent for safe-keeping. And also that for his services in the case respondent grossly overcharged Forden, paying himself such excessive charge out of the funds left with him, and that by threats to charge Forden with perjury, in the matter of concealment of assets from the court, silenced all protest against such overcharge.

The first charge is met by respondent with a full and circumstantial statement of everything connected with the transaction from his viewpoint, which statement carries with it a measurably reasonable and plausible explanation of matters which otherwise appear most reprehensible; also there are direct denials of any intentional wrong-doing, and a claim is affirmatively set up that the fee charged, of which complaint is made, was for actual services rendered, honestly and in good faith, and as such was an entirely fair and just one, both as against the Leigh estate, and Luella Erskine individually.

To the second charge there is a clear, specific denial that Forden was counseled to conceal, or that he did in fact conceal, from the court, that portion of the assets left in the hands of respondent, or any of his assets. A further plea is that the certificates of

deposit, to which reference is made, were, upon that hearing, actually brought into open court and there exhibited, and this plea is supported by the testimony of a disinterested witness. It is also claimed by the respondent that the charges for his services against Forden in the divorce suit were reasonable and proper, and evidence to establish that fact was offered in the testimony of members of high standing at the bar. That threats were made to or against Forden to silence his protests, as to the amount of fee charged, and the retention of it, by the respondent, out of funds entrusted to him, is disaffirmed in most positive terms.

It is sufficient for the purposes of this decision to state, after such full and careful examination of the entire evidence and the record, as the grave importance of the matter demands, that, as to the first charge, the testimony, in the opinion of the court, is not of such a certain and satisfactory character as to warrant the entry of a judgment of disbarment thereon, with its far-reaching effect and vital consequences to the respondent. It would serve no useful purpose to recount the proofs in detail or to analyze the same, and we content ourselves with placing our conclusion upon the settled doctrine that unless a case is made out, by clear and convincing proof of guilt, no judgment of disbarment should go.

Referring to the second charge, it is proper to state that it has ever been the policy of this court to discourage proceedings of this sort upon stale claims, and properly so, as a matter of common justice to the one charged, who otherwise might manifestly be placed at great disadvantage. It is to be noted that the offenses covered in the second count are shown to have occurred about eight and one-half years before any investigation thereof was made or

prosecution thereon begun. These facts alone are, in our judgment, sufficient answer thereto. However, in justice to the respondent, it is but fair to say, that, so far as these particular offenses are concerned, the testimony tending to disprove them is more satisfactory than that which has been offered in support of their truth.

So that, upon deliberate consideration and full investigation of the entire record, we are persuaded that a judgment of disbarment should not be allowed. The order to show cause is therefore set aside and these proceedings dismissed.          *Dismissed.*

Decision *en banc.*

All the justices concur.

Mr. JUSTICE HILL not participating.