## In re EVANS.

No. 10457—Opinion Filed April 1, 1919.

(179 Pac. 922.)

(Syllabus.)

**1. Attorney and Client—Disbarment—Limitations.**

A proceeding to disbar an attorney because of having been convicted of a felony was barred by section 234, Wilson's Stat. of 1903 (section 267, Snyder's Comp. Laws 1909), where more than one year had intervened between the conviction of said attorney for said crime and the institution of such proceedings.

**2. Same—Repeal of Statute.**

The repeal of said section (section 234, Wilson's Stat. 1903) did not revive a cause of action for disbaring an attorney on account of having been convicted of a felony where the bar of the statute had attached before said section was repealed.

Original proceeding in the Supreme Court by the Grievance Committee of the Oklahoma State Bar Association for the disbarment of J. C. Evans. Demurrer to the petition sustained, and cause dismissed.

C. F. Dyer, J. L. Hull, S. K. Sullivan, J. H. Grant, and H. C. Potterf, for Grievance Committee of Oklahoma State Bar Ass'n.

A. L. Emery, for respondent.

HARDY, C. J. This proceeding was commenced by the grievance committee of the Oklahoma State Bar Association seeking the disbarment of one J. C. Evans. It is alleged that said defendant was convicted in the district court of Blaine county on the charge of forgery on the 1st day of October, 1909, and that said judgment of conviction was duly affirmed by the Criminal Court of Appeals on the 23rd day of May, 1911 (5 Okla. Cr. 643, 115 Pac. 809, 34 L. R. A. [N. S.] 577), that a petition for rehearing in said case was by the Criminal

Court of Appeals denied, and that said defendant, pursuant to such conviction, served a term in the state penitentiary. Copies of the verdict of the jury and the judgment and sentence of the district court of Blaine county and the orders of the Criminal Court of Appeals are attached to and made a part of the motion and petition.

To this petition defendant demurred upon the ground that the petition did not state a cause of action, and that the proceeding was barred by the statute of limitations. The petition and motion for disbarment was filed February 4, 1919. The statute of limitations relied upon is section 234, Wilson's Stat. 1903, being section 267 of Snyder's Comp. Laws of Oklahoma of 1909, which provides:

"All actions for suspension or removal shall be brought within one year after the act charged was committed, and not thereafter."

More than twelve months had elapsed from the date of the commission of the felony and from the date of the judgment and sentence of the trial court and from the date of the affirmance of the judgment and the overruling of the petition for rehearing, and if the statute be applicable this proceeding is barred.

The petitioners urge that, notwithstanding this statute, the court has inherent power to disbar an attorney for good cause, and cite in support of this proposition a great many cases laying down the general rule that a court of superior or general jurisdiction having authority to admit attorneys to practice law possesses inherent power to disbar or strike from its rolls an attorney of such court. While the inherent power of the courts to disbar an attorney cannot be defeated by legislative enactment, the exercise of this power may be regulated within reasonable limits by statute. 6 C. J. 581-584; Ex parte Saddler, 35 Okla. 510, 130 Pac. 906, 44 L. R. A. (N. S.) 1195.

Of the great number of cases cited by petitioners it appears upon examination that no statute of limitations specifically applicable to disbarment proceedings was involved, but it was sought to obtain the benefit of general statute of limitations or of statutes limiting criminal prosecutions for the acts out of which the disbarment proceedings grew. In some cases where no statute of limitations technically applicable was involved it is said that where an unreasonable length of time has intervened between the commission of the act alleged and the commencement of the proceedings

for disbarment, the courts may decline to revoke the license of the attorney. In re Smith, 73 Kan. 743, 85 Pac. 584; In re Elliott, 73 Kan. 151, 84 Pac. 750; People v. Tanquary, 48 Colo. 122, 109 Pac. 260.

In State Board v. Shimer, 131 Tenn. 343, 174 S. W. 1142, the respondent procured a license through fraud. A statute required proceedings to revoke an attorney's license to be commenced within two years, and the court held that the period of limitation commenced to run when knowledge of the fraud had been brought home to the board petitioning for revocation of the license.

This court, in Re Mosher, 24 Okla. 61, 102 Pac. 707, 24 L. R. A. (N. S.) 530, 20 Ann. Cas. 209, referring to section 267, Snyder's Comp. Laws of 1909, held that the statute was not applicable in that case because it first became effective on the Indian Territory side of the state November 16, 1907, and the proceedings were begun October 1, 1908, and hence were not barred. Again in State Bar Commission v. Sullivan, 35 Okla. 745, 131 Pac. 704, L. R. A. 1915D, 1218, the court held that in a proceeding for disbarment upon the charge of publication of a pamphlet disrespectful to the court the statute of limitations was not available as a defense, especially where the pamphlet remained in circulation until a time within what would be the limitation period if the statute were construed to apply, thereby holding that as long as the pamphlet was in circulation the offense was a continuing one.

In the discussion of these cases this court cited In re Lowenthal, 78 Cal. 427, 21 Pac. 7, but upon examination we fail to find any statute of limitations in California at that time applicable to disbarment proceedings. In no state except Tennessee, other than Oklahoma, has a statute applicable by its term to disbarment proceedings been called to our attention and in Tennessee the court has recognized the binding force of the statute.

We think the statute relied upon was applicable, and that at the expiration of the time prescribed an action for disbarment of defendant upon the grounds alleged was barred.

But it is said that section 267, Snyder's Compiled Laws of 1909, was repealed by the act adopting the Revised Laws of 1910 (Laws 1910-11, c. 39), because same was omitted therefrom. The repeal of this statute did not have the effect of reviving the right of action against defendant for dis-

barment. By section 52, art. 5, of the state Constitution it is declared:

"The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. * * *"

The demurrer is sustained, and the proceedings dismissed.