# JANUARY, 1938

## THE STATE OF TEXAS v. DEE ESTES.

No. 6951.   Decided October 20, 1937.
Rehearing overruled January 5, 1938.
(109 S. W., 2d Series, 167.)

*Frank A. Ogilvie* and *H. C. Wade,* both of Fort Worth, for plaintiff in error.

The Statute of Limitations has no application to suits for the disbarment of attorneys. United States v. Parks, 93 Fed. 414; Ex parte Tyler, 40 Pac. 33; 6 C. J. 601; Re Leonard, 87 N. E. 1121.

*McLean, Scott & Sayers, Mike E. Smith, S. R. Graves,* and *T. F. Morrow,* of Fort Worth, for defendant in error.

The statute providing that all actions not otherwise provided for shall be brought within four years necessarily includes disbarment proceedings. State v. Robinson, 26 Texas 367; State v. Crutcher, 2 Swan (Tenn.) 504.

*Chas. T. Rowland,* of Fort Worth, filed written argument as amicus curiae.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by the State on the relation of a committee of practicing attorneys residing in Tarrant County against Dee Estes, a practicing lawyer of this State. The trial petition is in two counts. In the first count it is alleged that the respondent was guilty of "malpractice and fraudulent and dishonorable conduct" as an attorney "by illegally and fraudulently extorting money from Luna Buffalo, as guardian of the estate of Luna May Buffalo, a minor."

Judgment suspending the respondent from the practice of the law in this State for a period of six months from the date of the judgment was rendered under the first count of the petition upon findings of the jury.

The second count is set out in paragraph 5 of the petition, the allegations of which are substantially that the respondent about the 13th day of April, 1928, was convicted in the District Court of the United States for the Northern District of Texas of the offense of using the United States mails to defraud in connection with the promotion of oil companies and syndicates; that under the laws of the United States the crime of using the mails to defraud is punishable by confinement in the penitentiary for more than one year and therefore constitutes a felony;

and that the respondent having been convicted of a felony, should have his license to practice law revoked and cancelled.

The judgment rendered by the trial court upon this count, omitting the clause decreeing the revocation of respondent's license, reads:

"(2) That under paragraph five of plaintiff's amended original petition, the court is of the opinion that there was no issue of fact to be submitted to the jury, but under the record in the case there was only an issue of law for the consideration of the court; that thereupon the court announced that the respondent would not be permitted to introduce testimony of any character for the purpose of explaining or impeaching said judgment to which ruling of the court the respondent objected and excepted and subject to such objection and exception all parties in this case in open court agreed to waive the intervention of a jury and said matters were submitted to the court, and it appearing to the court that the defendant Dee Estes, was on the 13th day of April, A. D. 1928, convicted of a felony * * * in connection with a promotion of oil companies and syndicates, and by reason of his conviction it is mandatory on this court under Art. 311, Vernon's Annotated Civil Statutes of the State of Texas, to enter judgment revoking the defendant's license to practice law in the State of Texas."

The Court of Civil Appeals held that the matters complained of by the relators having occurred more than four years before the suit was filed, Article 5529 of the Revised Civil Statutes providing that "every action * * * for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued * * *," was applicable; and reversed the judgment of the trial court and rendered judgment in favor of the respondent. 82 S. W. (2d) 708.

In the last argument filed in this Court on behalf of the respondent it is stated substantially that as the decree of suspension was "merely for the period of six months from and after the date of judgment," the questions raised under that count had become moot, since more than six months had expired since the rendition of the judgment. It is further stated that aside from the matter of the four year statute of limitation and laches the sole question to be determined is "whether or not the judgment of the Federal court of itself afforded sufficient grounds to revoke and cancel the license" of the respondent. The statute of limitation question will be first determined.

It is stated in an annotation in 45 A. L. R., p. 1110, under the heading "Statutory Limitation of Time for Disbarment Pro-

ceedings" that while it has been said generally with respect to such proceedings that "in analogy to our statutes which bar prosecutions for misdemeanors there ought to be a limit to the time in which informations could be filed," (People ex rel. Noyes v. Allison, 68 Ill. 151), it seems that, "except in the few States which have enacted *specific* statutes on the subject, there is no limitation on the time for instituting disbarment proceedings except the inherent power of the court to refuse to hear an application to disbar which has been unreasonably delayed." (Italics ours.) Cases from other States are there cited which support the annotation. It is further pointed out in the annotation that in Oklahoma, which has a limitation statute made specifically applicable to disbarment cases, it is held (In re Evans, 72 Okla. 215, 179 Pac. 922) that "while the inherent power of the courts to disbar an attorney can not be defeated by legislative enactment the exercise of this power may be regulated within reasonable limits by statute."

It is stated in the text of Volume 5 of American Jurisprudence at page 434 that "the ordinary statutes of limitation have no application to disbarment proceedings, * * * " citing among other authorities the A. L. R. annotation, supra.

The text of Corpus Juris, Vol. 6, p. 601, states that:

"The statute of limitations is no defense to a proceeding for the disbarment or suspension of an attorney, nor will the courts establish a limitation as to the time in which such proceedings may be instituted by analogy to the statute of limitations unless, from the nature or circumstances of the particular case, it appears that it would be unjust or unfair to require the attorney to answer as to such occurrences." See also 7 C. J. S. 766.

The cases of Houtchens v. Mercer, by Chief Justice CURETON, 119 Texas 244, 27 S. W. (2d) 795, and Houtchens v. State, 63 S. W. (2d) 1011, by Justice CRITZ when a member of the Commission of Appeals, are cited by the Court of Civil Appeals in the present case as authority for its holding with respect to the applicability of Article 5529. The former case had to do mainly with the right of appeal in disbarment proceedings and the latter with the applicability in such proceedings of certain general rules of practice and procedure. In neither case was a question of limitation involved or passed upon.

■ We are of opinion that in the absence of a specific statute on the subject in this State there is no limitation on the time for instituting disbarment proceedings other than the power of the court to refuse to hear such a proceeding when it has been so

unreasonably delayed as to make it unfair or unjust to require the respondent to answer. This holding is in accord with the well nigh universal rule as is pointed out above. Nothing in the record suggests that the action of the trial court was unwarranted in not refusing to hear this case. There was no error in its holding that the statute of limitation is not applicable.

The judgment under the second count of the petition is predicated upon proof of the fact that the respondent had been convicted of a felony in a Federal court as established by the judgment of conviction in that court. The judgment reads in part:

"On this 13th day of April, 1928, this cause was regularly reached on the docket and called for trial. Then came the United States by their Assistant District Attorney, J. Forrest McCutcheon, Esquire, and came also the defendants, Dee Estes, W. Homer Taylor, R. A. Sanders, and V. S. Pinkerton, each in his own proper person, and all parties announced ready for trial. A jury having been waived, the indictment in this cause was read, and the defendants called upon to plead the same. Thereupon in open court the defendant Dee Estes entered a plea of *nolo contendere,* and the defendants W. Homer Taylor, R. A. Sanders, and V. S. Pinkerton, entered a plea of guilty to said indictment. The court having heard the indictment read, and the pleas entered by the defendants as aforesaid, now here finds that the said defendants, Dee Estes, W. Homer Taylor, R. A. Sanders, and V. S. Pinkerton, and each of them, are guilty of the offense of using the United States Mails to defraud in connection with the promotion of oil companies and syndicates as charged in the indictment." (Italics ours.)

The further recitations of the judgment are to the effect that all of the defendants including respondent were declared guilty of the offense charged, and that the same penalty, to-wit, a fine, was assessed against each alike.

The statute (Art. 311, R. C. S.) upon which the second count of the petition is based, reads:

"No person convicted of a felony shall receive license as an attorney at law; or, if licensed, any court of record in which such person may practice shall, on proof of a conviction of any felony, revoke his license and strike his name from the roll of attorneys."

The remaining question to be determined, stated in the language of the respondent, is "whether the Federal court judgment of itself afforded sufficient grounds to revoke and cancel the license."

■ Respondent's principal contentions under the question stated are, (1) that the judgment was not final and should not have been received as evidence of his conviction, (2) that the word "felony" as used in Article 311 has reference to felonies only that are defined as such by the Penal Code of this State, and (3) that the effect of the judgment as evidence that respondent was convicted of a felony is destroyed by virtue of the fact that upon trial of the case he entered a plea of nolo contendere rather than a plea of not guilty.

The ground for the contention with respect to the finality of the judgment is that at the time of filing this suit and at the time of trial a motion was pending to modify the judgment.

The record discloses that the judgment was not appealed from, notwithstanding several terms of court had expired subsequent to the judgment; that the court has two terms a year; that the motion to reform the judgment was not filed until almost four years after entry of the judgment in April, 1928; that at the time of the trial of this case, almost five years after such entry, the motion had not been acted upon by the court, and the judgment had been executed by the service by respondent of 29 days in jail and by the execution by him at the end of that time of a pauper's affidavit in order to terminate his incarceration; and that the only change sought to be made by the motion to reform was as to the manner of collecting the fine.

The trial court did not err in receiving the judgment in evidence as a final judgment. Pattison v. United States, 2 Fed. (2d) 14.

■ It is urged that the character of felony the Legislature had in mind in the enactment of the statute was one defined as such by the penal laws of this State.

This point is fully annotated in 79 A. L. R., p. 38, under the case Re Everett C. Minner, 133 Kan. 789, 3 Pac. (2d) 473, in which the Supreme Court of Kansas holds that being found guilty of a felony under a Federal statute subjects an attorney at law to the automatic disbarment provision of the statutes of that State, the same as if found guilty of a felony under a Kansas statute. It is stated in the annotation that a statute of the State of New York providing that "Any * * * attorney who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counselor at law, or to be competent to practice law as such," has been uniformly applied to convictions of felonies had in the courts of other States. Numerous cases supporting the statement are cited. The only case referred to in the annotation or cited by respondent, which tends to sustain his contention, is the case of In re Ebbs, 154 N. C. 44, 63

S. E. 190, by a divided court. The annotator points out in connection with this case that it has not been followed in other jurisdictions, and that "the courts have been inclined to construe statutes providing for the disbarment of attorneys on conviction of a felony in such manner as to include convictions had in the courts of other States or of the United States," citing numerous cases which support the statement.

A similar contention to that under discussion was made in the Court of Criminal Appeals in Amaya v. State, 87 Texas Crim. Rep. 160, 220 S. W. 98, with respect to an analogous statute relating to eligibility for jury service. In that case it was shown upon motion for a new trial that the foreman of the jury convicting the defendant had himself been convicted in the United States court of a felony and was unpardoned. It was urged that for this reason the judgment of conviction should be set aside. The articles of the Code of Criminal Procedure there referred to provide that no juror shall be impaneled when it appears "that he has been convicted of theft or any felony." Judge MORROW speaking for the court says:

"Under our statutes, one convicted of a felony or theft can not be impaneled as a juror, even with the consent of the parties. C. C. P., Arts. 692, 695. On behalf of the State the suggestion is made that the term 'conviction of a felony' used in the statute does not include a conviction in another jurisdiction * * *. The object sought by the Legislature, it is conceived, would not be attained by the rejection of one who had been convicted of theft in Texas, and accepting one who had been convicted of the same offense in an adjoining State. One who commits arson is no less infamous because the act was done in another State rather than this one, and the judicial determination in either State of his guilt would be conclusive of the facts."

In a later case by the same court, Hughes v. State, 105 Texas Crim. Rep. 57, 284 S. W. 952, the conviction under consideration was for a felony as defined by a section of the Federal statutes. In holding the juror disqualified the court, speaking through Judge LATTIMORE, says:

"The fact that the conviction was in the Federal court does not prevent its being a disqualification," citing the Amaya case.

The argument of respondent based upon that provision of Article 3 of the Penal Code that "no person shall be punished for an act * * * unless the same is made a penal offense, and a penalty affixed * * * by the written law of this State," is not persuasive. The object of the Legislature in enacting the

disbarment statute was no more to punish the offending attorney than it was to punish the prospective juror by enacting the provision of the jury service law referred to. The primary object of both enactments was the protection of society.

We find nothing to indicate that the Legislature intended to restrict the meaning of the term "felony" used in Article 311 to a felony committed in violation of State law.

■ The next contention made by the respondent is that he was not *convicted* within the intent and meaning of Article 311. He urges in this connection that he entered a plea of nolo contendere in the Federal court case in which he was charged with the commission of a felony, and that such plea, when accepted by the prosecuting attorney, becomes an implied confession of guilt and is equivalent to a plea of guilty for the purpose of that case only and can not be used against the defendant as an admission of guilt in any civil suit for the same act.

If it be granted that the plea entered by the respondent does not create an estoppel and that he is at liberty to relitigate the fact of his guilt or innocence in another case, it avails nothing in this case. The term "conviction" referred to in the statute is not restricted to a conviction procured upon entry of a particular plea by the accused in the case in which the conviction was had. The issue raised by the relators in the second count of the petition is whether respondent had been "convicted of a felony" as alleged. It appears from the recitations of the judgment in evidence that he was convicted. No contention is made that the offense for which he was convicted was not a felony, nor is the issue of guilt or innocence involved in this proceeding. Our conclusion is in accord in principle with that reached in the cases of State of Montana ex rel. McElliott v. Fousek, 91 Mont. 457, 8 Pac. (2d) 795, 81 A. L. R. 1099, and the companion case, State ex rel. Anderson v. Fousek, 91 Mont. 448, 8 Pac. (2d) 791, 84 A. L. R. 303.

We find no error in the trial court's ruling with respect to the questions raised under the second count of the petition relating to the judgment of conviction.

The judgment of the Court of Civil Appeals is reversed and set aside, and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court October 20, 1937.

Rehearing overruled January 5, 1938.