**STATE ex rel. GRIEVANCE COMMITTEE OF STATE BAR OF TEXAS FOR DIST. NO. 15–B v. GARZA.**

No. 12695.

Court of Civil Appeals of Texas.

San Antonio.

May 26, 1954.

Rehearing Denied June 23, 1954.

Harry L. Hall, Mission, for appellant.

Wilson & Wilson, Falfurrias, for appellee.

PER CURIAM.

This is an appeal from an order sustaining the plea of privilege of the defendant, Fidencio G. Garza. The trial court, upon motion of defendant, withdrew the case from the jury and ordered the cause transferred to Jim Wells County. In so doing the court necessarily held·that the undisputed evidence showed Garza was a resident of Jim Wells County at the time the suit was filed and that the venue provisions of Article 311, Vernon's Ann.Tex. Civ.Stats., had been repealed by the provisions of the State Bar Act of 1939. Acts 1939, 46th Leg. p. 64, as amended Acts 1949, 51st Leg. p. 1103, Art. 320a–1, Vernon's Ann.Tex.Civ.Stats. The .appeal turns upon the latter holding of the court below.

Garza was originally charged with thirteen specific instances of misconduct as an attorney at law. The petition or complaint was later amended by adding a fourteenth count thereto, which charged that Garza had assaulted an inspector in the Customs Bureau of the Treasury Department of the United· States while on duty, and had as a result been convicted in the federal district court of a crime proscribed by 18 U.S.C.A. § 254,[1] which offense is classified as a felony under the federal and state laws. 1 U.S.C.A. § 541, and Article 47, Vernon's Ann.Pen.Code. It was further alleged that Garza was at the time of the filing of the complaint actively engaged in the practice of law and the representation of clients before the 93rd District Court of Hidalgo County, Texas, where the complaint was filed.

Article 311, Vernon's Ann.Tex.Stats., was originally adopted as a part of the statutory law of the State of Texas in 1846, and reads as follows:

. . "No person convicted of a felony. shall receive license as an attorney at law; or, if licensed, any court of record in which such person may practice shall, on proof of a conviction of any felony, revoke his license and strike his name from the roll of attorneys."

1. Now 18 U.S.C.A. § 111.

Under the provisions of this article, any court of record in which a convicted felon sought to practice was authorized to revoke the license of such person and strike his name from the roll of attorneys. Such court possessed that authority, regardless of the county of the State in which the felon might reside. Venue and jurisdiction to issue an order of disbarment attached by reason of the disqualified person's attempt to practice law before such court of record.

The State Bar Act, Art. 320a–1, Vernon's Ann.Civ.Tex.Stats., however, provides that:

"From time to time as to the Court may seem proper, the Supreme Court of Texas shall prepare and propose rules and regulations for disciplining, suspending, and disbarring attorneys at law; for the operation, maintenance, and conduct of the State Bar; and prescribing a code of ethics governing the professional conduct of attorneys at law." Sec. 4. Subdivision (a).

In pursuance of this statutory authority, the Supreme Court has promulgated an elaborate system of grievance and disbarment procedures consisting of some forty-one sections grouped under one subdivision, designated as Article XII, entitled "Discipline of Members—Unauthorized Practice of Law." These rules were revised in 1953, and reference is hereinafter made to such revision, Vernon's Ann. Civ.St. following article 320a–1.

Section 9 of the Rules of the State Bar of Texas was taken from Article 311, Vernon's Ann.Civ.Tex.Stats., but contains no venue provision. This section provides:

"Disbarment shall be compulsory on proof of conviction of any felony, or of any misdemeanor involving the theft, embezzlement, or fraudulent appropriation of money or other property."

The State Bar Act, however, contains definite venue provisions. Sections 5 and 6 of the Act, Art. 320a–1, read as follows:

"Sec. 5. The Supreme Court of Texas shall not adopt or promulgate any rule or regulation abrogating the right of trial by jury in disbarment proceedings, in the county of the residence of the defendant.

"Sec. 6. No disbarment proceeding shall be instituted against any attorney except in the district court located in the county of said attorney's residence, nor shall any attorney be suspended until such attorney has been convicted of the charge pending against him, in a court of competent jurisdiction in the county of such attorney's residence."

■ These sections are contrary to the venue provisions of Article 311, which would authorize any court of record wherein a felon seeks to practice to enter an order of disbarment. This being so, it follows that such venue provisions of Article 311 were repealed by the enactment of the State Bar Act, which contains a clause providing that, "All laws or parts of laws in conflict with this Act or with the rules and regulations adopted under this Act by the Supreme Court are hereby repealed." Acts 1939, 46th Leg., p. 64, l. c. 66, § 8.

■ Under the provisions of the State Bar Act and the rules and regulations adopted thereunder, the venue of this cause is properly laid in the County of the defendant's residence, and the trial court correctly so held.

The order appealed from is affirmed.