**STATE of Texas ex rel. Sidney P. CHANDLER, Appellant,**

**v.**

**Neal DANCER et al., Appellees.**

**No. 117.**

Court of Civil Appeals of Texas.

Corpus Christi.

May 27, 1965.

Rehearing Denied June 17, 1965.

Sidney P. Chandler, Corpus Christi, for appellant.

Roger Butler, Corpus Christi and Robstown, for appellees.

GREEN, Chief Justice.

This is a disbarment proceeding filed in the 28th District Court of Nueces County, Texas, by appellant Sidney P. Chandler, a practicing attorney at law and member of the State Bar of Texas, against appellees, residents of Nueces County, both of whom are also attorneys at law and members of the State Bar. Pleas to the jurisdiction were sustained, and the petition as to both appellees was ordered dismissed by the trial court. This appeal is from such order.

As we view the record, the issue we are called upon to decide narrows down to this: Does an individual attorney at law, acting independently of the State Bar and of any District Grievance Committee of the State Bar, have legal authority to institute civil proceedings in a state district court seeking disbarment or suspension of license of another attorney at law?

█ Our answer is that he does not, and we affirm the judgment of the district court.

Appellant contends that he, as a practicing attorney, was authorized to institute this proceeding by virtue of Art. 314, Vernon's Ann.Tex.Civ.St., which reads:

"The judge of any court, a practicing attorney, a county commissioner or justice of the peace may file with the clerk of the district court a sworn complaint of fraudulent or dishonorable conduct or malpractice on the part of any attorney at law."

Articles 315 and 316, V.A.T.S. provide for the procedure to be had in court upon the filing of such sworn complaint.

█ We hold that Articles 314, 315 and 316 were repealed by the passage, in 1939, of the State Bar Act, being Art. 320a–1, V.A.T.S., and the Rules Governing the State Bar of Texas, adopted by Members of the State Bar of Texas, and Promulgated by The Supreme Court of Texas, Vernon's Ann.Civ.St. following article 320a–1. A statement of these Rules, with amendments, is contained in Volume 1A, Vernon's Texas Civil Statutes Annotated, page 203, et seq. Section 8 of the State Bar Act (Acts 1939, p. 64) reads as follows:

"All laws or parts of laws in conflict with this Act or with the rules and regulations adopted under this Act by the Supreme Court are hereby repealed."

The purposes sought to be accomplished by the State Bar Act and the State Bar Rules are set forth in a review of the statutes enacted by the Legislature for the regulation of the practice of law in Hexter Title & Abstract Co. Inc. v. Grievance Committee, Fifth Congressional Dist., State Bar of Texas, 1944, 142 Tex. 946, 179 S.W.2d 946, 157 A.L.R. 268, State v. O'Dowd, 158 Tex. 348, 312 S.W.2d 217, and in Arnett v. State, Tex.Civ.App.1957, 304 S.W.2d 386, writ ref. n. r. e. In Hexter, supra, the Supreme Court, through Chief Justice Alexander, said:

"In 1933 the Legislature enacted Penal Code, Article 430a, Vernon's Ann.P.C., Acts 1933, p. 835,[1] which carefully defined what constituted the practice of law and designated who were prohibited from so practicing. In 1939 the Legislature went one step further and enacted the State Bar Act, Vernon's Ann.Civ.Stat. Art. 320a—1, Act 1939, 46th Leg., p. 64, which had for its purpose the further regulation of the practice of law. That act created the organization known as the State Bar, composed of the registered licensed attorneys of the State, and constituted it an administrative agency of the judicial department. The same act em-

1. Repealed Acts 1949, 51st Leg. p. 548, ch. 301, § 1.

powered the Supreme Court, with the approval of a majority of the registered licensed lawyers, to prescribe rules and regulations 'for disciplining, suspending, and disbarring attorneys at law; for the conduct of the State Bar; and prescribing a code of ethics governing the professional conduct of attorneys at law.' The act prohibited those not members of the State Bar from practicing law, and empowered the agency there created to carry out the purposes of the act. The primary purpose of the Legislature in the enactment of the above legislation was to protect the public by eliminating from the law profession those morally unfit to enjoy the privileges and those lacking in proper training and other qualifications necessary to perform the services required of an attorney. * * * It is apparent, therefore, that those who are to be entrusted with the opportunities of such a position should be possessed of a high degree of integrity. In recognition of this the Legislature has set up machinery for the establishment of canons of ethics for the profession, and the disbarment of those guilty of fraudulent or dishonorable practice or malpractice. Again, it would be useless to establish high standards of morality for members of the profession if those who are not members, and therefore not bound by such canons, could practice the arts of the profession. The State has a vital interest in the regulation of the practice of law for the benefit and protection of the people as a whole, and the legislation above referred to was adopted in furtherance of a wholesome public policy."

The machinery mentioned by Chief Justice Alexander as being set up "for * * * the disbarment of those guilty of fraudulent or dishonorable practice or malpractice" (it will be noticed that the Supreme Court did not say additional machinery) was authorized by the Legislature in Sec. 4, Subd.

(a), art. 320a–1, State Bar Act, which reads in part as follows:

"From time to time as to the Court may seem proper, the Supreme Court of Texas shall prepare and propose rules and regulations for disciplining, suspending, and disbarring attorneys at law; for the operation, maintenance and conduct of the State Bar; and prescribing a code of ethics governing the professional conduct of attorneys at law."

The remainder of this subdivision details the manner in which such rules and regulations shall be submitted to the State Bar members for voting thereon.

■ Under the authority of the above statute, the State Bar Rules were prepared by the Supreme Court, submitted to and approved by the members of the State Bar, and duly promulgated. These rules are at the least quasi-statutory, and have the same force and legal effect upon matters to which they relate as the Texas Rules of Civil Procedure have to matters to which they relate. Rattikin Title Co. v. Grievance Committee of the State Bar of Texas, Tex.Civ.App., 272 S.W.2d 948; Cochran v. Cochran, Tex.Civ.App., 333 S. W.2d 635, writ ref. n. r. e.

Art. XII of the Rules is entitled "Discipline of Members; Unauthorized Practice of Law." Sections 1 through 33, covering nine pages of Vol. 1A, V.A.T.S., pp. 221–230 incl., deal with the subject of misconduct of State Bar members, and discipline, including suspension and disbarment of members. A grievance committee for each congressional district of the State is provided, with all details for the appointment, tenure, and duties of such committee fully set forth. Professional misconduct is defined. These rules place the handling of complaints against attorneys at law, both before the Grievance Committee and in the courts, in the hands of the Grievance Committee of the district in which the attorney resides. Sections 11–20 inclusive, deal with

the filing of complaints with the committee, investigation by the committee, hearing before the committee with the right to require attendance of witnesses, and the action which may be taken by the committee on the complaint in cases where no court trial is required. Section 12 provides that the proceedings before the committee be kept private, thus indicating a desire to protect an unjustly accused lawyer from suffering damage to his reputation.

Sections 21–31, inclusive, under the title heading— C. Procedure by Formal Complaint—deal with the procedure when formal complaint seeking reprimand, suspension, or disbarment of an attorney for professional misconduct as defined in Secs. 8 and 9 of Art. XII, is filed by the committee in the district court. Reference is here made to the State Bar Rules for further reading thereof. The right of trial by jury in the home county of the accused lawyer is protected.

The rules governing reinstatement of disbarred attorneys, Art. XII, Secs. 32 and 33, provide that the District Grievance Committee be notified of any petition filed in district court by a disbarred lawyer for reinstatement, and states that such committee may contest the application, and that either party, petitioner or the Grievance Committee, has the right of appeal. Effective participation of a District Grievance Committee in such hearing requires that it be familiar with the facts of the situation. All of this indicates that the District Grievance Committee is considered an integral part of disciplinary procedures.

In St. Louis S. W. Ry. Co. v. Kay et al., 85 Tex. 558, 22 S.W. 665, the Supreme Court said that:

"The question of repeal, like every other question arising upon the construction of a statute, must be solved by determining as near as may be the intent of the legislature."

Notwithstanding the question as to the existence of an inconsistency between the State Bar Act and Art. 314, we feel that the repeal of Art. 314 has been effected. There is a long line of cases holding that a statute intended to prescribe the only rules governing a particular area of law repeals prior statutes which prescribed other rules in that same area of law, even though there is no repugnancy. Bryan v. Sundberg, Tex.Sup. Ct., 1849, 5 Tex. 418; Rogers v. Watrous, Tex.Sup.Ct., 1852, 8 Tex. 62; Tunstall v. Wormley, Tex.Sup.Ct., 1881, 54 Tex. 476; St. Louis S. W. Ry. Co. v. Kay, supra; Motor Inv. Co. v. City of Hamlin, 1944, 142 Tex. 486, 179 S.W.2d 278; Bank of Atlanta v. Fretz, 1950, 148 Tex. 551, 226 S.W.2d 843; First Nat. Bank v. Lee County Cotton Oil Co., Tex.Com.App.1925, 274 S.W. 127; State v. Houston Oil Co. of Texas, Tex.Civ. App.1917, 194 S.W. 422, writ ref.; Meek v. Wheeler County, Tex.Civ.App.1939, 125 S. W.2d 331, aff'd. 135 Tex. 454, 144 S.W.2d 885; Commercial Credit Co. v. American Mfg. Co., Tex.Civ.App.1941, 155 S.W.2d 834, writ ref.

In Bryan v. Sundberg, 1849, supra, the Texas Supreme Court said:

"When the new statute in itself comprehends the entire subject and creates a new, entire and independent system respecting that subject matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject matter."

Ninety-five years later, in Motor Inv. Co. v. City of Hamlin, supra, the Supreme Court in holding certain statutes repealed by enactment of subsequent legislation pertaining to the same subject matter, quoted with approval the following:

"In 39 Texas Jurisprudence 148, the rule of statutory construction is thus stated:

" 'Where it is apparent that a statute is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. Under this rule, a statute that covers the subject matter of a

former law and is evidently intended as a substitute for it, although containing no express words to that effect, operates as a repeal of the former law to the extent that its provisions are revised and its field freshly covered. Accordingly, parts of the original Act that are omitted from the new legislation are to be considered as annulled. If the later act is clearly intended to prescribe the only rules which should govern, it repeals the prior statute, although the two are not repugnant in their provisions'."

In Gordon v. Lake, Secretary of State, (1962), 163 Tex. 392, 356 S.W.2d 138, the Supreme Court said:

"A statute may be repealed expressly or by implication. Where a later enactment is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. See Motor Inv. Co. v. City of Hamlin, 142 Tex. 486, 179 S.W. 2d 278. Repeals by implication are not favored, however, and laws relating to the same subject should be considered as though incorporated in the same act. If they can be harmonized and effect given to each when so considered, there is no repeal by implication. See Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197, 157 S.W. 937."

The Court held that the Texas Business Act of 1955 expressly excepted from its provisions certain types of corporations, and hence did not embrace all of the law on the subject of corporations and their creation. Since the prior legislation claimed by relator to have been repealed by such Act related to the organization of excepted corporations, the court said that such statute was in no way inconsistent with the Business Corporation Act, and was not repealed by implication.

No such exceptions exist, either in the State Bar Act or in Art. XII, Sections 1–33 inclusive, State Bar Rules, dealing with Discipline of Members. If we consider Arts. 314, 315, and 316, V.A.T.S. as though incorporated, either in the State Bar Act or the State Bar Rules, we fail to see any way in which "they can be harmonized and effect given to each when so considered", when the evident purpose and intent of the Legislature and of the Supreme Court in enacting this legislation and these Rules are taken into consideration.

It is clear that the State Bar Act was intended to result in a new and comprehensive system regulating the practice of law in Texas. As stated in Tunstall v. Wormly, supra:

"The old law was imperfect and very general in its terms. The law of 1874 is full and ample. It seems very clearly to have been designed to embrace and regulate the organization, powers and privileges of private corporations of all sorts."

The old law relating to the disciplining of attorneys "was imperfect and very general in its terms" and the State Bar Act and the State Bar Rules promulgated under it are full and ample. The intent and purpose of the legislature to provide for a full and comprehensive set of laws to cover completely the practice of law and regulation and disciplining of lawyers is demonstrated, not only in the body of the law and the general provision of repeal of conflicting statutes, but in the emergency clause which reads:

"The fact that there is no law creating a State Bar and the further fact that there is a growing demand upon the part of the public and the lawyers of this State that the Supreme Court be empowered to adopt and promulgate rules and regulations governing the legal profession and the professional conduct of attorneys create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and said

Rule is suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

The provisions of Art. XII of the State Bar Rules leave no room for any statutes providing for disbarment proceedings brought in a district court by an individual lawyer independently of a Grievance Committee of the State Bar.

It appears clear to us that many inconsistencies and contradictions would exist in the law applicable to disciplining lawyers for professional misconduct if it should be held that Arts. 314, 315, and 316 are still in effect. Under such articles, no prior investigation of the complaint against the attorney at law was required by any official body before taking the matter into district court. The State Bar Rules provide that court proceedings against a lawyer accused of official misconduct as defined by Art. XII, Secs. 8 and 9, shall be instituted only after a thorough private investigation and hearing of the complaint has been had by a legally constituted official body, the District Grievance Committee, and such Committee has determined that disciplinary action is warranted. Art. XII, Sec. 16. Even then, if the Committee finds proper, and the accused lawyer consents in writing, milder action may be taken without the necessity of filing a Formal Complaint in court.

The term "Formal Complaint" is defined as the pleading by which a disciplinary action is instituted in District Court *by a Grievance Committee*. Art. XII, Sec. 7. The requisites of a Formal Complaint are set out in Sec. 24. Sec. 21 provides that the Texas Rules of Civil Procedure shall govern in all proceedings under Formal Complaint except where in conflict with specific provisions of the Bar Rules. Then follow a number of specific rules which are in conflict with provisions of the Rules of Civil Procedure, and which are applicable only to procedure in district court *under Formal Complaint*. Hence, it appears that these specific provisions would

not apply to trial under the statutes, Art. 314 et seq. Thus, if these articles are still law, we have a situation where the legal rights of the parties in a disbarment proceeding in Court would differ, depending on the identity of the plaintiff, whether as specified in Art. 314 and Art. 316, or the District Grievance Committee. We particularly call attention to the specific provisions as to procedure under the Bar Rules with reference to limitation of actions (Sec. 10), see State v. Estes, Tex.Com.App. (1937), 130 Tex. 425, 109 S.W.2d 167; pleadings (Secs. 24–25), perferred setting (Sec. 27), form of judgment (Sec. 28), costs (Sec. 29) see Houtchens v. State, Tex.Com.App. (1934), 74 S.W.2d 976; and supersedeas on appeal (Sec. 30), see Houtchens v. Mercer, Tex. Com.App. (1930), 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103.

As heretofore stated, Sec. 8 of the State Bar Act expressly repealed all laws or parts of laws which were in conflict with the Act or with the rules and regulations adopted under the act by the Supreme Court. See State ex rel. Grievance Committee of State Bar of Texas for Dist. No. 15–B v. Garza, Tex.Civ.App., 1954, 269 S. W.2d 596, where the venue provisions of Art. 311 were held to have been repealed because of a conflict with Secs. 5 and 6 of the State Bar Act. It is our opinion that Arts. 314, 315 and 316 are in conflict with Art. XII of the State Bar Rules.

For the reasons heretofore stated, (1) that the State Bar Act together with the State Bar Rules provided for a full and comprehensive set of laws to cover the regulation and discipline of lawyers, and (2) that conflict exists between Arts. 314, 315 and 316, and the State Bar Act and the State Bar Rules, it is our holding that Arts. 314, 315, and 316 have been repealed.

■ The State Supreme Court and the Courts of Civil Appeals have had many occasions, since the creation of the State Bar, to pass upon appealed cases filed in the trial court under the State Bar Rules

**510**

by District Grievance Committees. In all of these cases, the courts have recognized the State Bar Act and the State Bar Rules as constitutional and valid, and have further treated the Grievance Committees as legally constituted official organizations, with lawful authority to perform the functions and duties as set forth in the State Bar Rules. Hence, we have no doubt but that the validity and constitutionality of the various sections of Art. XII of the State Bar Rules is a closed issue in this State in favor of their validity and constitutionality. Hexter Title & Abstract Co. Inc. v. Grievance Committee, Fifth Congressional Dist., State Bar of Texas, Tex.Sup.Ct., supra; State v. O'Dowd, Tex.Sup.Ct., supra; Arnett v. State, Tex.Civ.App., supra. Appellant's points raising such questions are overruled.

The trial court did not err in sustaining the pleas to the jurisdiction of the court, and in dismissing appellant's petition.

The judgment of the trial court is affirmed.