

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 26, 1966

Honorable Michael Earney
County Attorney
Ector County
Odessa, Texas

Opinion No. C-665

Re: Whether a plea of
nolo contendere
entered in justice or
corporation court,
will be admissible in
a later proceeding to
revoke a defendant's
driver's license on
the ground that the
defendant is a habitual
violator.

Dear Mr. Earney:

In your opinion request you state:

"My question is: Will pleas of nolo
contendere entered in Justice and Corporation
Courts to traffic violations be admissible in
a later proceeding to revoke the driver's li-
cense as a habitual violator under Article
6687b?"

In the opinion which you submitted with your request
you state:

"The new Code of Criminal Procedure,
Article 27.14, provides for pleas of nolo
contendere in Justice and Corporation Court
cases. The article reads as follows:

"'A plea of "guilty" or a plea of "nolo
contendere" in a misdemeanor case may be made
either by the defendant or his counsel in open
court....'

"The new Code sets out the effect of
a plea of nolo contendere in Article 27.02,
Section 6, which reads as follows:

"'...6. A plea of nolo contendere. The
legal effect of such plea shall be the same as
that of a plea of guilty, but the plea may not

be used against the defendant as an admission
in any civil suit based upon or growing out
of the act upon which the criminal prose-
cution is based; ....'

"The question immediately arises whether
or not the above provisions would allow successive
pleas of nolo contendere to defeat the revocation
of a defendant's driver's license under Article
6687b, Vernon's Annotated Civil Statutes (1) upon
the grounds that the driver is a habitual violator
of the traffic laws. Particular attention should
be given to the fact that the language of Article
6687b, Vernon's Annotated Civil Statutes, speaks
in the language of convictions."

Although the Texas courts have not passed upon the
exact question which you ask, there have been two Texas court
decisions in cases which are very similar in nature to this
problem. One case, State v. Estes, 109 S.W.2d 167 (Tex.
Comm. App. 1937), dealt with the disbarment of an attorney
after a plea of "nolo contendere" in the Federal court. The
other case, Goldman v. State, 277 S.W.2d 217 (Tex. Civ. App.
1954, error ref., n.r.e.), dealt with the suspension of the
license of a medical practitioner after he had been convicted
of a felony offense in the Federal court upon a plea of
"nolo contendere".

Although Rule 11 of the Federal Rules of Criminal Pro-
cedure, which provides for pleas of nolo contendere in Federal
court, has no provision similar to Section 6 of Article 27.02
wherein it is provided that the plea of nolo contendere may
not be used against the Defendant as an admission in any civil
suit based upon or growing out of the action upon which the
criminal prosecution is based, the Federal courts have long
construed the plea in this manner. See Bell v. Commission
of Internal Revenue, 320 F.2d 953 (8th Cir., 1963), where it
was held that the only distinguishable feature between a plea
of "nolo contendere" and that of "guilty" is that the plea of
"nolo contendere" cannot be used against the Defendant as an
admission in any civil suit for the same act.

In the Estes case the Court said at page 171 of 109
S.W.2d:

"The next contention made by the
respondent is that he was not convicted within
the intent and meaning of article 311. He urges
in this connection that he entered a plea of
nolo contendere in the federal court case in which

he was charged with the commission of a
felony, and that such plea, when accepted
by the prosecuting attorney, becomes an
implied confession of guilt and is equiv-
alent to a plea of guilty for the purpose
of that case only and cannot be used against
the defendant as an admission of guilt in
any civil suit for the same act.

"If it be granted that the plea
entered by the respondent does not create an
estoppel and that he is at liberty to re-
litigate the fact of his guilt or innocence
in another case, it avails nothing in this
case. The term 'conviction' referred to in
the statute is not restricted to a convic-
tion procured upon entry of a particular
plea by the accused in the case in which the
conviction was had. The issue raised by the
relators in the second count of the petition
is whether respondent had been 'convicted of
a felony' as alleged. It appears from the
recitations of the judgment in evidence that
he was convicted. No contention is made that
the offense for which he was convicted was
not a felony, nor is the issue of guilt or
innocence involved in this proceeding."

In the Goldman case at page 222 of 277 S.W.2d, the Court
followed the Estes case and said:

"Appellant further contends that a
Federal Court judgment based upon a plea of
'nolo contendere' cannot constitute a con-
viction upon which a suit for revocation of
a medical license can be maintained. As
previously stated appellant was convicted
as charged in a 12-count indictment upon his
plea of 'nolo contendere' and sentenced to
pay a fine of $5,000, which the record con-
clusively shows he paid. The punishment
for conviction of a single violation of
the Harrison Narcotic Act under the Federal
Code is a fine of not to exceed $2,000 or
imprisonment for not more than five years
or both. Appellant was convicted under an
indictment containing 12 counts. His con-
viction was therefore a felony under both
the Federal Code and the Texas law. 18 U.S.C.A.,

> Sec. 1; Bowers v. State, 155 Tex. Cr. R.
> 401, 235 S.W.2nd 449; Article 47, Tex.
> Penal Code.

> "Appellant's contention here made that
> a conviction in the Federal Court upon a plea
> of 'nolo contendere' cannot and does not fur-
> nish a legal basis for revocation of his medi-
> cal license is wholly refuted by an opinion in
> a similar case handed down by the Commission of
> Appeals and adopted by the Supreme Court in the
> case of State v. Estes, 130 Tex. 425, 109 S.W.
> 2d 167, except that Estes was disbarred as a
> lawyer. The accused there contended that his
> plea of 'nolo contendere' to a Federal Court
> charge could not support a judgment of con-
> viction such as would disbar him as a lawyer.
> The court there held, in effect, that a con-
> viction is not restricted because of any kind
> of a particular plea of the accused. Since
> the judgment in evidence showed him convicted,
> such was sufficient as a basis for disbarment."

Article 6687b, Section 22 (b), Subsection 4, Vernon's
Civil Statutes, provides in part:

> "The term 'habitual violator' as used
> herein, shall mean any person with four or
> more convictions arising out of different trans-
> actions in a consecutive period of twelve (12)
> months, or seven (7) or more convictions arising
> out of different transactions within a period
> of twenty-four (24) months, such convictions
> being for moving violations of the traffic laws
> of the State of Texas or its political sub-
> divisions...." (Emphasis added.)

It is the opinion of this office that, for purposes of said
Article 6687b, Section 22 (b), Subsection 4, it is immaterial
whether the conviction was obtained after a plea of "guilty",
"not guilty", or "nolo contendere" by the Defendant.

### SUMMARY

> A conviction for a traffic violation
> upon a plea of nolo contendere may be used under
> Article 6687b, Section 22(b), Subsection 4,
> Vernon's Civil Statutes, to show that a person
> is an habitual violator of the traffic law of
> the State of Texas.

Honorable Michael Earney, page 5 (C-665 )

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: _Robert E. Owen_
ROBERT E. OWEN
Assistant Attorney General

REO/er

APPROVED:

OPINION COMMITTEE
W. O. Shultz, Chairman
Ralph Rash
Phillip Crawford
Howard M. Fender
Sam Kelley

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright