# THE ATTORNEY GENERAL
## OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 20, 1971

Hon. Wilson E. Speir
Director, Texas Department
   of Public Safety
Box 4087 .
Austin, Texas  78751

Opinion No. M-906

Re:  The effective dates of
     S.B. 316, S.B. 476, H.B.
     542, and S.B. 194.

Dear Colonel Speir:

You have requested the opinion of this office as to the effective dates of Senate Bill 316, Senate Bill 476, House Bill 542, and Senate Bill 194 which are set out below in chronological order:

1.  Senate Bill 316 amending Article 6687b, Section 3, Vernon's Civil Statutes, by adding a new subsec-tion 4b, was passed by the Senate on April 22, 1971, and the House on May 6, 1971, by a record vote sufficient to make the bill immediately effective upon the approval of the Governor.  The Governor approved this bill on May 13, 1971.

2.  Senate Bill 476 amending Article 6687b, Section 3, Vernon's Civil Statutes, passed the Senate on April 15, 1971, and the House on May 19, 1971, by record vote sufficient to make the bill immediately effective upon the approval of the Governor.  The Governor approved this bill on May 26, 1971.

3.  House Bill 542 amending Article 6687b, Section 4, Vernon's Civil Statutes, passed the House on May 11, 1971, and the Senate on May 13, 1971 by a non-record vote and

was approved by the Governor on
May 19, 1971. The bill would go
into effect 90 days after the
Legislature adjourns.

4. Senate Bill 194 amending Article
6687b, Sections 3 and 4, Vernon's
Civil Statutes, (and others not
involved herein), passed the Senate
on May 11, 1971, and the House,
with amendments, on May 30, 1971.
The Senate concurred on the House
amendments on May 31, 1971, by non-
record vote. The Governor approved
the bill on June 2, 1971, to go into
effect 90 days after adjournment.

The controlling constitutional provision is Article
III, Section 39, Texas Constitution, which reads as follows:

"No law passed by the Legislature,
except the general appropriation act,
shall take effect or go into force until
ninety days after the adjournment of the
session at which it was enacted, unless
in case of an emergency, which emergency
must be expressed in a preamble or in
the body of the act, the Legislature shall,
by a vote of two-thirds of all the members
elected to each House, otherwise direct;
said vote to be taken by yeas and nays,
and entered upon the journals."

Senate Bill 316 which amended Article 6687b, Sec-
tion 3, Vernon's Civil Statutes, by adding a new subsection
4b became effective immediately upon the Governor's approval
on May 13, 1971. It remained in effect until May 26, 1971,
when it was superseded by Senate Bill 476.

On May 26, 1971, Senate Bill 476 was approved by
the Governor and became effective immediately. This Act
amended Article 6687b, Section 3. In amending Section 3,
this Act omitted subsection 4b. It is well settled that a
repeal or revision may be effected by amendment and substi-
tution. An amendatory act that recasts the language of an
existing statute or section operates to repeal or supersede

any omitted provisions of the original.  53 Tex.Jur.2d,
Statutes, Sec. 107.  It is clear that Senate Bill 476 is
intended to embrace all of the law as to "What persons
are exempt from license" as set out in Section 3, and it
is a well settled rule of statutory construction that
where it is apparent that a statute is intended to embrace
all of the law upon the subject with which it deals, it
supersedes all former laws relating to the same subject.
53 Tex.Jur.2d, Statutes, Sec. 109; State v. Dancer, 391
S.W.2d 504 (Tex.Civ.App. 1965, error ref. n.r.e.).  In
Gordon v. Lake, Secretary of State, 163 Tex. 392, 356
S.W.2d 138 (Tex.Sup. 1962), the Supreme Court said:

> "A statute may be repealed expressly
> or by implication.  Where a later en-
> actment is intended to embrace all the
> law upon the subject with which it
> deals, it repeals all former laws re-
> lating to the same subject." (See Atty.
> Gen.Op. O-1539, dated November 7, 1939).

It is our opinion that Senate Bill 476 in so far as it
amended Article 6687b, Section 3, became effective on May
26, 1971, upon approval by the Governor and superseded Sec-
tion 3 of Chapter 173, Acts of the 47th Legislature, Regular
Session, 1941, as well as subsection 4b of Section 3 as con-
tained in Senate Bill 316 which was previously discussed.
Subsection 4b was omitted from Senate Bill 476 and is there-
fore to be considered impliedly as repealed by the latter act.
Since Senate Bill 476 clearly was intended to prescribe the
only rules that should govern the subject matter set out in
Article 6687b, Section 3, it supersedes Section 3 both as
that Section existed immediately before and after the amend-
ment to that Section made by Senate Bill 316.

House Bill 542 was approved by the Governor on
May 19, 1971.  This Act purports to amend Article 6687b,
Section 4, and becomes effective 90 days after the adjourn-
ment of the Legislature.  For reasons discussed later in this
opinion, this bill will never become effective and need not
be discussed.

Senate Bill 194 amending Article 6687b, Sections 3
and 4, (and other sections which need not be discussed), was
approved by the Governor on June 2, 1971 to become effective
90 days after adjournment of the Legislature to wit:  August
30, 1971.  Until that date, Section 3 as contained in Senate

Bill 476 will be in effect.  On August 30, 1971, Senate Bill 194 which is intended to embrace all of the law on Article 6687b, Sections 3 and 4, becomes effective.  Since Senate Bill 194 is the latest expression of the intention of the Legislature and is clearly intended to prescribe the only rules that should govern the subject matter in Article 6687b, Sections 3 and 4, it repeals the prior statutes. Therefore, on August 30, 1971, Senate Bill 476 and House Bill 542 are superseded and annulled by the implied repeal effected by Senate Bill 194.

Senate Bill 194 being the latest expression of the Legislature will prevail over Senate Bill 476 which was passed prior to it, irrespective of the fact that Senate Bill 476 took effect prior to Senate Bill 194 taking effect. See Attorney General Opinion No. V-990, dated January 26, 1950, and Ex Parte De La Jesus De La O, 227 S.W.2d 212, (Tex.Crim. 1950).

## S U M M A R Y

S.B. 316 became effective May 13, 1971, and remained in effect until May 26, 1971, when it was superseded by S.B. 476.

S.B. 476 which amends Art. 6687b, Sec. 3, V.C.S., became effective May 26, 1971, and will remain in effect until August 30, 1971 when it will be superseded by S.B. 194 which amends Art. 6687b, Secs. 3 and 4, V.C.S., (and others not relevant).

S.B. 194 is clearly intended to embrace all of the law on the subject matter contained in Secs. 3 and 4 of Art. 6687b, V.C.S., and being the latest expression of the will of the Legislature repeals all former laws on the subject, to wit:  S.B. 476 and H.B. 542.  H.B. 542 will be superseded by S.B. 194 on August 30, 1971, the date the latter becomes effective.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles Parrett
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Roland Daniel Green
Ray McGregor
James McCoy
Gorden Cass

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant