

# The Attorney General of Texas

June 29, 1979

.RK WHITE
xrney General

eme Court Building
Box 12548
.n. TX. 78711
·75-2501

.ommerce, Suite 200
s. TX. 78202
42-8944

Alberta Ave., Suite 160
.eo. TX. 79905
.33-3484

..en, Suite 610
:on, TX. 77002
28-0701

roadway, Suite 312
xck, TX. 79401
47-5238

N Tenth, Suite F
en. TX. 78501
32-4547

an Plaza, Suite 400
nionio. TX. 78205
25-4191

juel Opportunity/
.ative Action Employer

Honorable Jarvis Miller, President
The Texas A & M University System
College Station, Texas 77843

Opinion No. MW-29

Re: Rights of the State Employee on Active Duty for Training with the National Guard.

Dear President Miller:

You have requested our opinion on two questions regarding the rights of a state employee ordered to "active duty for training" by the Texas Army National Guard. The individual about whom you inquire has recently completed 12 to 24 weeks of basic training, and you first ask whether he should be compensated for any or all of this period of absence. Section 7(a) of article 5765, V.T.C.S., provides:

> Sec. 7. (a) All officers and employees of the State of Texas and of any county or political subdivision thereof, including municipalities, who shall be members of the State Military Forces, or members of any of the Reserve Components of the Armed Forces, shall be entitled to leave of absence from their respective duties without loss of time or efficiency rating or vacation time or salary on all days during which they shall be engaged in authorized training or duty ordered or authorized by proper authority, for not to exceed fifteen (15) days in any one calendar year.

A person serving in the Texas Army National Guard is a member of the "State Military Forces," as defined in section 1, and we have little doubt that an order to report to "active duty for training" is encompassed within the meaning of "authorized training or duty" in section 7.

In Attorney General Opinion C-118 (1963), this office considered the predecessor of section 7, article 5769b-1, V.T.C.S. (repealed), which provided for compensation

> on all days on which [state employees] shall be ordered to duty with troops or field exercises, or for

instruction, for not to exceed fifteen (15) days in any one calendar
year.

This opinion held that the 15-day provision was not applicable to weekend duty or instruction but was limited to "summer camp" training. Subsequently, however, the legislature amended the statute to its present version. Acts 1965, 59th Leg., ch. 690, at 1601. As a result, the Attorney General construed section 7 to permit compensation without loss of pay on any 15 working days per year, whether or not taken consecutively. Attorney General Opinion C-679 (1966).

In our opinion, this view is applicable to all periods in which an individual is engaged in "authorized training for duty." A state employee is entitled to be compensated for all such leave, not to exceed 15 working days per year, whether his absence is attributable to basic training, summer camp, or any other duly ordered service. Although the appropriations act, Acts 1977, 65th Leg., ch. 872, at 3147, § 7(d), authorizes "a leave of absence with full pay" for state employees called to active duty with the National Guard, we believe it is required to be construed in harmony with article 5765, which limits compensation to 15 working days per year.

You also inquire about a state agency's obligation to restore an individual to his former position after completion of military service. Section 7(b) of article 5765 states:

> (b) Members of the State Military Forces, or members of any of the Reserve Components of the Armed Forces who are in the employ of the State of Texas, who are ordered to duty by proper authority shall, when relieved from duty, be restored to the position held by them when ordered to duty.

Section 1 of article 6252-4a, V.T.C.S., however, provides:

> Any employee of the State of Texas or any political subdivision, state institution, county or municipality thereof, other than a temporary employee, an elected official, or one serving under an appointment which requires confirmation by the Senate, who leaves his position for the purpose of entering the Armed Forces of the United States, or enters State service as a member of the Texas National Guard or Texas State Guard or as a member of any of the reserve components of the Armed Forces of the United States shall, if discharged, separated or released from such active military service under honorable conditions within five years from the date of enlistment or call to active service, be restored to employment in the same department, office, commission or board of the State of Texas or any political subdivision, state institution, county or municipality thereof, to the same position held at the time of induction, enlistment or order to active Federal or State military duty or service, or to a position of like seniority, status, and pay if

still physically and mentally qualified to perform the duties of such position.

Article 6252-4a is not applicable to temporary employees, elected officials, or appointees who require Senate confirmation. As to other employees of the state and its political subdivisions, however, a conflict between the two statutes exists, since article 5765 requires that the employee be reinstated in his previously-held position, and article 6252-4a permits the employer to restore the employee to his former position "or to a position of like seniority, status and pay," and adds the stipulation that the employee must remain "physically and mentally qualified to perform the duties of such position." It is well established that, where two statutes are in direct conflict, the latter enactment prevails. State v. Dancer, 391 S.W.2d 504 (Tex. Civ. App. — Corpus Christi 1965, writ ref'd n.r.e.). Since the present version of section 7b of article 5765 was enacted in 1965, and section 1 of article 6252-4a was last amended in 1977, it follows that the latter must control. We conclude, therefore, that as to all but those persons excepted thereby, article 6252-4a permits the state to restore the employee either to his previous position or to one of like seniority, status and pay.

## SUMMARY

A state employee who is engaged in "authorized training for duty" in the state military forces is entitled to receive compensation for up to fifteen (15) working days per year during which he is absent from his regular employment. As to all but those persons excepted thereby, article 6252-4a, V.T.C.S., permits a state agency either to restore a returning member of the National Guard to his former position with the agency, or to another position "of like seniority, status and pay."

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood
Lonny Zwiener