Alexander NEILL et al., Appellants,

v.

W. C. KIMBROUGH, Appellee.

No. 3225.

Court of Civil Appeals of Texas.

Eastland.

June 8, 1956.

Rehearing Denied June 29, 1956.

Conner & Conner, Eastland, for appellants.

W. D. R. Owen, Eastland, for appellee.

GRISSOM, Chief Justice.

This is the second appeal of this case. See Kimbrough v. Neill, Tex.Civ.App., 256 S.W.2d 202. This suit was originally filed by Marjorie Harvey Neill and husband in trespass to try title to the surface of twenty acres of land out of the Thos. Benson and R. G. Teston Surveys in Eastland County. The plaintiffs at the last trial were the devisees of Mrs. Neill, deceased, and her surviving husband, Alexander Neill, who now own whatever interest Mrs. Neill had in said land, if any, after the execution of a sheriff's deed to W. C. Kimbrough. Said deed was based on a judgment against Mrs. Neill foreclosing a lien for delinquent taxes on said land. Plaintiffs' petition described the twenty acres by metes and bounds and as being out of the Benson and Teston Surveys about half a mile west of Pioneer in Eastland County and in all material respects the same as it was described in a deed from Phillips Petroleum Company to Marion N. Harvey, who was then the husband of Mrs. Neill. This deed, which describes said twenty acres accurately and by metes and bounds, was recorded in volume 368 at pages 529 to 531 of the deed records of Eastland County. In a trial to the court judgment was rendered that the plaintiffs take nothing and they have appealed.

The judgment described the land as it was described in said deed from Phillips to Harvey. It recited that a suit was filed against Mrs. Neill for delinquent taxes on her land described in the tax petition and that in December, 1947, judgment was rendered against her and an order of sale issued to the sheriff and that he lawfully sold her land described in the tax judgment to W. C. Kimbrough and that, in March, 1948, the sheriff executed a deed to Kimbrough conveying the land described in the tax judgment and that the land described in said tax suit and in the sheriff's deed "is the same land as that described in this suit"; that this suit was a collateral attack on the tax judgment, which was regular on its face and rendered by a court of general jurisdiction, and said tax judgment was entitled to absolute verity; that at the rendition of the tax judgment the title to the twenty acres described in the judgment in this case was in Marjorie Harvey Neill; that by reason of said valid tax judgment foreclosing a lien against the property described therein and in the order of sale, the sheriff's return and the sheriff's deed the title thereto passed to W. C. Kimbrough. The court further expressly held that the land involved in this suit was sufficiently described in said tax judgment, order of sale, sheriff's return and in the sheriff's deed to Kimbrough.

The essence of most of appellants' points is that the tax lien was foreclosed on tract number 9 but the property sold was tract number 10 and, therefore, the sheriff had no authority to convey the twenty acres here in dispute to Kimbrough.

The tax suit was against several defendants and described ten separate tracts of land against each of which the taxing authorities claimed a tax lien to secure payment of delinquent taxes thereon. The land was alleged to be in Eastland County, Texas, and to be fully described in schedules attached to and made a part of plaintiffs' petition. In the tax petition the different tracts were separately described, the owner of each named, the amount of taxes alleged to be due on each tract and the years for which the taxes were claimed to

be delinquent were stated as to each defendant and tract in separate schedules attached to plaintiffs' petition. The last such schedule attached to the tax petition described the land belonging to Mrs. Neill as twenty acres out of Block 21 of the Thomas Benson Survey in Eastland County, Texas, and stated taxes were delinquent for the years 1935 through 1946. Following said description was the notation "Vol 368 Page 529". This was followed by a notation to the effect that said land was in the Pioneer School District and that the total taxes due thereon amounted to $165. The judgment in the tax suit was rendered against many defendants, including Mrs. Neill, and recited that an attorney was appointed to represent the defendants cited by publication and that, in a trial to the court, evidence was introduced concerning the ownership and title to the land "hereinafter described" and that certain evidence was introduced by the plaintiffs; that the named defendants, including Mrs. Neill, were the owners of record of the "hereinafter described land" and that said taxes, penalties, etc., was secured by a valid lien in favor of plaintiffs on each separate tract of land "hereinafter described" to secure the payment of taxes, interest and costs adjudged to be due against each separate tract described in the several separate schedules attached to the tax petition. The ten separate tracts of land alleged to be owned by different defendants were each given an arbitrary number from one through ten, for convenience. The tract in controversy was numbered nine and described as "20 Acres Abst 21 Thomas Benson as described in Vol. 368 page 529, Deed records Eastland County, Texas"—"All property located in Eastland County, Texas. All in platted city of Gorman except 20 acres Abst 21." The judgment then recited that a lien existed against each of said tracts for the amount of taxes therein adjudged to be due on each tract; that plaintiffs have foreclosure of their lien on each separate tract and that an order of sale be issued commanding the sheriff to sell each tract for the taxes due thereon and to convey the same to the purchaser at the tax sale. The reference in the judgment to

the 20 Acres out of Abstract 21 of the Thomas Benson Survey in Eastland County, Texas, "as described in Vol 368 page 529, Deed record Eastland County, Texas," referred to the record of the deed from Phillips Petroleum Company to Marion N. Harvey, as did the similar reference in the petition. That deed was recorded at said place and showed a conveyance of the twenty acres in controversy out of the Thomas Benson and R. G. Teston Surveys "lying about one-half mile west of Pioneer in Eastland County, Texas," and described it by metes and bounds. It is agreed that Phillips Petroleum Company is the common source of title and that said deed accurately describes the land in controversy.

Appellants' points are directed particularly to the fact that the judgment designated said twenty acres as tract 9, while the order of sale and the sheriff's return designated it as tract 10. This was an arbitrary numbering of several tracts on which liens were foreclosed. It was not a description of the land. The judgment foreclosed a lien on and ordered sold the twenty acres described in the deed from Phillips to Harvey, as shown by the record of that deed in Volume 368 at page 529 of the deed records of Eastland County. All of said instruments dealt with that particular 20 acres and the mere numbering of the different tracts was immaterial. The order of sale designated the land as tract 10, while it bore the arbitrary number 9 in the judgment, but the land was described in the order of sale as "20 Acres Abst. 21 Thomas Benson, as described in Vol. 368, page 529, deed records, Eastland County, Texas"—"All in platted city of Gorman, Eastland County, Texas, except 20 ac. in abst. 21." The sheriff's return on the order of sale numbered the tract 10 but the land was described as "20 acres Ab 21 Thomas Benson as desc (Vol 368/529 Deed Records Eastland County, Texas", showed it was purchased by W. C. Kimbrough and, after a description of all the tracts, one through ten, it recited that all the tracts were in the platted city of Gorman "except 20 acres in ab. #21, Eastland Co. Tex". The sheriff's deed to Kimbrough referred to it as number 9, as did the judgment, and described it as "20 acres Ab 21 Thomas Benson as desc (Vol 368/529 Deed Records of Eastland County, Texas", and recited that all of the ten arbitrarily numbered tracts in the one tax suit were in the city of Gorman "except 20 acres in ab. 21". The deed from Phillips Petroleum Company to Marion N. Harvey, which was recorded in Volume 368 at page 529 of the Deed Records of Eastland County and accurately described the twenty acres by metes and bounds, was introduced on the trial of this case.

■ It was agreed that the common source of title to the land described in the deed from Phillips to Harvey and in controversy in this suit was Phillips Petroleum Company, "plaintiffs claiming title under that deed and defendant claiming title under a tax deed." It is obvious that the land purchased by Kimbrough at the tax sale is the same parcel of land that was involved in all of said tax proceedings and instruments and that is here sued for by the plaintiffs. Said land was clearly and adequately described in the deed from Phillips Petroleum Company to Harvey and said deed was recorded at the place referred to in said instruments. We think that said references to the place in the deed records where an adequate and correct description of the twenty acres could be found, with the additional descriptions mentioned, were sufficient. As heretofore shown, arbitrary numbering of said tract as either nine or ten was simply for convenience in briefly referring to one certain tract. The land was sufficiently described.

■ We think appellants' contention that the court erred in finding facts in its judgment is not material for the reason that without such findings we would be compelled to presume the court found every fact which has support in the evidence in such manner as is necessary to support the judgment. Appellants say the tax judgment does not show the name of any defendant and does not foreclose a tax lien on the property of any named defendant. We think appellants are mistaken and that the contrary is true. Plaintiffs, who brought

this suit in trespass to try title to the surface of the twenty acres, simply failed to sustain the burden the law placed on them to show title in themselves or, stated differently, to show that the tax judgment and the proceedings thereunder terminating in the sheriff's deed to Kimbrough were fatally defective. We conclude that the description of the land in the tax proceedings was not fatally defective and that there were no errors which probably caused the rendition of an improper judgment. All of appellants' points have been considered. We think reversible error is not shown. The judgment is affirmed.