Jack L. FORRESTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 559.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 22, 1970.

Rehearing Denied Nov. 19, 1970.

---

3. Examination of some of the cases under 49 U.S.C.A., Sec. 20(11) reveals great liberality in the construction of pleadings.

Jack L. Forrester, pro se.

Davis Grant, Gen. Counsel, State Bar of Texas, Austin, for appellee.

## OPINION

SHARPE, Justice.

This is a disbarment proceeding instituted in the name of the State of Texas by the Grievance Committee for District 15B, State Bar of Texas, against Jack L. Forrester, appellant here. After non-jury trial, judgment was rendered disbarring appellant as an attorney at law and enjoining him from performing legal services and various other specific activities.

Although the judgment recites, among other things, that the trial court heard evidence, no statement of facts has been filed. The record on this appeal, therefore, consists solely of the clerk's transcript.

Appellant asserts five points of error, as follows: "(1) Final judgment of the trial court is defective in stating that appellant had counsel in the trial of the cause; (2) Failure of the trial court to conduct the trial before a jury; (3) Failure of the trial court to make findings upon which the final judgment is based; (4) Failure of the trial court to dismiss the cause at its inception on motion made for dismissal by appellant; and (5) Failure of trial court to abate the cause upon appellant's motion for abatement."

Appellant's argument under his point one is that although he had been represented at one time by Carl A. Parker, an attorney at law of Port Arthur, Jefferson County, Texas, who also was a member of the Texas Legislature, that Mr. Parker had been discharged by the trial court several months prior to the trial on the merits.

The judgment of the trial court in part recites the following:

"* * * and the defendant, Jack L. Forrester, though duly served with cita-

tion and having filed his answer herein, and having been notified, together with his attorney of record in this case, of the setting of this cause, failed to appear, as did his attorney."

The record reflects that in March 1969, appellant filed with the district clerk of Cameron County, Texas, an affidavit setting out that he had employed Mr. Parker to represent him in this cause. On the 17th day of March 1969, Mr. Parker filed his motion for Legislative Continuance, stating that he was attorney for the defendant in this cause. The trial court granted appellant's motion for continuance based upon this affidavit. By letter dated September 9, 1969, addressed to Davis Grant, State Bar of Texas, with copy to Carl A. Parker, the bailiff of the 107th district court, notified the attorneys in this cause of the setting of this cause for December 15, 1969. There is nothing in the record to show that Carl Parker attempted to withdraw as counsel for appellant or that the trial court ever granted Mr. Parker permission to withdraw from the case. An attorney of record in a given cause shall be considered to have continued as such to the end of the suit in the trial court unless there is something appearing to the contrary in the record. See Rule 10, Texas Rules of Civil Procedure; Pride v. Pride, 318 S.W. 2d 715, 719 (Tex.Civ.App., Dallas, 1958, n. w. h.); Kendall, et al. v. State, 51 S.W. 1102 (Tex.Civ.App.1899, n. w. h.). The trial court therefore correctly concluded that appellant had an attorney of record as of the date of trial of this cause. Appellant's point one is overruled.

■ Appellant's argument under his point two is that he was entitled to a jury trial in this case under the provisions of Art. 316, Vernon's Ann.Civ.St. That position is not well taken because Art. 316 was repealed by the State Bar Act and Rules Governing the State Bar of Texas. State ex rel. Chandler v. Dancer, 391 S.W.2d 504 (Tex.Civ.App., Corpus Christi, 1965, wr. ref. n. r. e.). There is nothing in the record before this Court to show

that appellant ever deposited with the clerk of the district court the jury fee required by Rule 216, T.R.C.P. Under these conditions, appellant was not entitled as a matter of right to trial by jury. Appellant's point two is overruled.

■ Appellant's argument under his point three is in substance that the trial court erred in failing to make findings upon which the final judgment is based. Principal reliance is placed upon Rule 306, T.R.C.P., which reads as follows:

"The entry of the judgment shall contain the full names of the parties, as stated in the pleadings, for and against whom the judgment is rendered, and shall carefully recite the finding of the jury, or the several findings, if more than one, upon which judgment of the court is based."

Since this case was tried before the court without benefit of a jury, Rule 306 has no application here. See Advisory Opinion by the Sub-committee on Interpretation of Rules of Civil Procedure, State Bar of Texas, 5 Texas Bar Journal 95 (1942), 8 Texas Bar Journal 8 (1945) and McDonald Tex.Civ. Practice Vol. 4, Sec. 17.09, p. 1333.

■ Appellant states in his brief that although he did not request of the trial court findings of fact and conclusion of the law, he called the court's attention to the omission in the judgment of findings of fact. The record reflects that appellant's complaint as to the absence of finding of facts in the judgment was contained in his motion for new trial. There was no request for such findings filed independent of his motion for new trial. Appellant cites J. R. Phillips Inv. Co. v. Road Dist. No. 18, 172 S.W.2d 707 (Tex.Civ.App., Waco, 1943, writ ref.) as authority for the proposition that the trial court in this cause should have recited findings of fact in the judgment. The trial court in *Phillips* did not recite findings upon which the judgment of the court was based. The Waco Court of

Civil Appeals said in response to this point of error: "However, it does not appear that this matter was called to the attention of the trial court, nor was there any request made of the trial court that he file findings of the fact or conclusions of law." Moreover, the trial court in his order overruling appellant's motion for new trial expressly held that there were no disputed fact issues. In such cases it has been held that findings of fact are unnecessary even when requested. Quarles v. State Bar of Texas, 316 S.W.2d 797 (Tex.Civ.App., Houston, 1st, 1958, no writ); Rolfe v. Swearingen, 241 S.W.2d 236 (Tex.Civ.App., San Antonio, 1951, writ ref. n. r. e.); Hooker v. Roberts, 330 S.W.2d 493 (Tex.Civ.App., Eastland, 1959, no writ). Appellant's point of error No. 3 is overruled.

■ Under his point four, appellant asserts error because the trial court failed to dismiss the cause at its inception on his motion requesting such action. Here appellant argues that in his original answer filed herein and in each of his subsequent pleadings he stated and repeated that he was not an attorney at law and was not authorized to practice law in the State of Texas. Appellant reiterates such assertions in this Court. Appellant points to Article IV, Section 5 of the State Bar Rules which provides for the striking of members from the rolls of the State Bar for non-payment of annual dues and that courts have the duty of refusing practice to one who is not a member of the State Bar, and that anyone not a member of the State Bar shall be guilty of unauthorized practice of law if he endeavors to practice law. Appellant says that at the time this suit was filed, he was not a member of the State Bar of Texas for the reason that he did not pay the June 1, 1967 annual dues required to retain his status as an attorney at law, and because of this the Clerk of the Supreme Court had stricken his name from the rolls of the State Bar of Texas, all of such action preceding the filing of appellee's complaint.

Appellant also alleges that he had on March 1, 1967, voluntarily and finally quit the practice of law. Appellant says, therefore, that the action of disbarment was wrongful and the cause should have been dismissed; that the only action the State Bar of Texas could bring against him at the time the suit was filed was to prosecute him for unauthorized practice of law; and that a person, not a member of the State Bar of Texas and who is therefore subject to prosecution for the unauthorized practice of law, cannot, at the same time, be subjected to any disciplinary action as a member of the State Bar of Texas. It appears that on the 14th day of April 1954, appellant was licensed by the Supreme Court of Texas to practice law in the State of Texas. That license was a valid license to practice law until appellant was disbarred by the trial court in this case. The fact that appellant has not been since 1966 a dues paying member of the State Bar of Texas did not preclude the trial court from disbarring the defendant in accordance with the rules and statutes governing such action. It is true that appellant would not have been permitted to practice law under Article 320a–1 V.A.C.S., while he was not a dues paying member of the State Bar of Texas, but nevertheless he still held a valid license to practice law in Texas. Since an admission to the Bar is for life unless an attorney is removed, an attorney is liable to the summary jurisdiction of the court for misconduct and subject to disbarment, although at the time of application against him he has ceased to practice as an attorney, and has gone into another business. See 7 C.J.S. Attorney and Client § 17, p. 727. The fact that an attorney no longer engages in active legal practice does not relieve him of responsibility of adhering to the Canons of Professional Ethics. See 7 Am.Jur.2d Attorneys at Law, Section 12, p. 49. Appellant's point of error No. 4 is overruled.

■ Appellant's contention under his point five that the trial court should have

abated this cause until "disposition had been made of several felony criminal indictments pending against him in the same judicial district as the trial court," is without merit. There is no showing in this case that appellant would have been prejudiced in the criminal cases allegedly pending against him by a prior trial of the disbarment case. In Fulmer v. State, 445 S.W.2d 546, 549 (Tex.Civ.App., Fort Worth, 1969, wr. ref. n. r. e.) the Court said:

" * * * our interpretation of the statutory law of this state is that regardless of whether an indictment might be pending against an attorney a suit for his disbarment on the same ground and for the same offense a civil disbarment proceeding may be brought and prosecuted to judgment. * * *"

Appellant's point five is overruled.

The judgment of the trial court is affirmed.