**I. S., INC., d/b/a International System, Appellant,**

v.

**I. C. O., INC., et al., Appellees.**

**No. 16048.**

Court of Civil Appeals of Texas, San Antonio.

May 24, 1978.

Rehearing Denied June 21, 1978.

Thomas Rocha, Jr., Louis T. Rosenberg, San Antonio, for appellant.

Les Mendelsohn, San Antonio, for appellees.

CADENA, Chief Justice.

Appellees have moved to dismiss appellant's appeal on the ground that appellant failed to file an appeal bond within 30 days after appellant's motion for new trial had been overruled by operation of law, as required by Rule 356(a), Tex.R.Civ.P. (1977).

Appellant was plaintiff below. A judgment that plaintiff take nothing was signed and entered on November 29, 1977. Appellant filed its motion for new trial on December 2, 1977, and a hearing on such motion was held on January 6, 1978. An order overruling the motion for new trial was signed and entered on February 6, 1978. However, in the absence of the written agreement provided for in paragraph 3 of Rule 329b postponing decision on the motion to a date certain specifically set out in such agreement, the motion for new trial, under the provisions of paragraph 4 of Rule 329b, was overruled by operation of law on January 16, 1978, 45 days after it was filed. If the date for determining the time within which the various steps necessary to invoke the appellate jurisdiction of this Court is January 16, 1978, it is clear that the appeal bond filed by appellant on February 27, 1978, was not filed within the time prescribed by Rule 356(a).

Appellant contends that the appeal bond was timely filed because on February 6,

1978, the trial court entered a judgment nunc pro tunc, so that the times within which the appellate steps were required to be taken must be calculated from February 6, 1978.

The judgment entered on November 29, 1977, after reciting that all parties had appeared in court personally and by their attorneys on October 10, 1977, had announced ready; and had waived trial by jury, states that the court, after reading the pleadings and hearing the evidence and argument of counsel, "finds the following". This is followed by a recital of ten findings of fact. After the recital of the findings of fact, the judgment continues: "It is, therefore, ordered, adjudged and decreed by the Court that Plaintiff I. S. Inc., d/b/a International Systems, take nothing by this suit against Defendants, I.C.O., INC., d/b/a Industrial Construction Concepts in Planning and Design, La Quinta Motor Inns, Inc., Sepp Firnkas, Individually, and Sepp Firnkas, Inc.; that Defendants be dismissed; that court costs be taxed against Defendant I.C.O., INC., and execution shall issue if not timely paid."

The judgment entered on February 6, 1978, recites that on January 9, 1978, plaintiff and defendants filed a joint motion that "judgment be amended nunc pro tunc, as to the date of entry thereof * * *." This is followed by a recital that the judgment entered on November 29, 1977, "is not in conformity with the judgment as rendered herein on October 10, 1977, and that the entry of the judgment should be reformed; * * *".

The February 6, 1978, judgment then orders, adjudges and decrees "that the joint motion of the parties that the judgment herein be amended *nunc pro tunc* as of the date of entry thereof and the same is hereby granted, and that the judgment entered herein on November 29, 1977, be amended *nunc pro tunc* to read as follows * * *". The "amended" judgment is then set out, enclosed in quotation marks. The amended judgment refers to the appearances of the parties in person and by attorneys. It states that after the parties had announced

ready and had waived trial by jury, the court, after reading the pleadings and hearing the evidence and arguments of counsel, "is of the opinion that the following judgment should be rendered; it is, therefore, ordered, adjudged and decreed by the Court that Plaintiff, I. S. Inc., d/b/a International Systems, take nothing by this suit against Defendants, I.C.O., Inc. d/b/a Industrial Construction Concepts in Planning and Design, La Quinta Motor Inns, Inc., Sepp Firnkas, individually, and Sepp Firnkas, Inc.; that Defendants be dismissed; that court costs be taxed against Defendant I.C.O., INC., and execution shall issue if not timely paid."

It is clear that the operative effect of the "amended" judgment is identical to the operative effect of the first judgment. The judgment of November 29, 1977, was to the effect that plaintiff take nothing against defendants, that defendants be "dismissed," and that costs be taxed against defendant, I.C.O. Inc., with provision for execution if costs be not timely paid. The "amended" judgment is to the effect that plaintiff take nothing against defendants, that defendants be dismissed, and that costs be taxed against defendant, I.C.O., Inc., with provision for execution if costs be not timely paid. The party named as plaintiff, against whom judgment was rendered, is the same in both judgments. The parties named as successful defendants are the same in both judgments. The party against whom costs were assessed is the same in both judgments.

The only difference in the two judgments is that the second judgment omits the ten specific findings which were set out in the first judgment. The deletion of the fact-finding recitals in the second judgment is irrelevant, since, even without such recitals, we would be compelled to presume that the trial court found every fact in such manner as to support the judgment if such findings find support in the evidence. *Neill v. Kimbrough,* 291 S.W.2d 777, 779 (Tex.Civ. App.—Eastland 1956, writ ref'd, n.r.e.). See also Rules 296 and 306, Tex.R.Civ.P. (1977); *Roberson Farm Equipment Compa-*

**570**

*ny v. Hill,* 514 S.W.2d 796, 801–02 (Tex.Civ.
App.—Texarkana 1973, writ ref'd, n.r.e.);
*Forrester v. State,* 459 S.W.2d 698, 700
(Tex.Civ.App.—Corpus Christi 1970, writ
ref'd, n.r.e.).

Since the second judgment had no material effect on the first judgment which it
purported to "amend," and did not affect
the rights of the parties under the first
judgment, it did not operate to enlarge the
period during which the necessary appellate
steps were required to be taken. The controlling date remained January 16, 1978,
and the appeal bond was not filed within
thirty days from that date. *Anderson v.
Casebolt,* 493 S.W.2d 509 (Tex.1973); *Talmadge Tinsley Co., Inc., v. Kerr,* 541 S.W.2d
207 (Tex.Civ.App.—Dallas 1976, writ ref'd
n.r.e.).

The appeal is dismissed.