**Joe Rolando GARZA and Southwestern Bell Telephone Co., Appellants,**

v.

**Juanita V. SERRATO and Floresvinda Gutierrez, Appellees.**

No. 04–84–00156–CV.

Court of Appeals of Texas, San Antonio.

May 23, 1984.

Hubert W. Green, Green & Kaufman, Inc., San Antonio, Jeremiah I. Rhodes, Eagle Pass, for appellants.

Catherine M. Stone, Walter Burl Brock, Watkins, Mireles, Brock & Barrientos, P.C., San Antonio, for appellees.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## ON APPELLEE'S MOTION TO DISMISS APPEAL

PER CURIAM.

Appellees have filed a motion to dismiss this appeal on the ground that appellants should have perfected their appeal from the first judgment entered in this cause rather than from the second judgment. We do not agree and deny the motion to dismiss.

This appeal arises from a personal injury claim in which final judgment was signed on October 12, 1983. The final judgment held appellants, defendants below, jointly and severally liable to appellees for injuries sustained by appellees in an automobile collision. In addition to making various awards to appellees for their injuries, the court ordered "that all costs of court incurred plus post-judgment interest at the maximum legal rate from date of judgment herein be, and the same are hereby adjudged against the Defendants...." Appellants timely filed a motion for new trial and a motion to modify the judgment on November 10, 1983. The motion to modify asked that the rate of post-judgment interest be stated in the judgment in accordance with the 1983 amendment to TEX.REV. CIV.STAT.ANN. art. 5069–1.05 § 3(b) (Vernon Supp.1971–1983).

An amended motion for new trial was timely filed and overruled by order signed December 26, 1983. Also on that date, which was 75 days from the signing of the original judgment, the trial court signed an "Order to Modify Judgment" and an "Amended Final Judgment." The Order to Modify Judgment ordered that the October 12 judgment be set aside "and an amended judgment shall be signed this date specifying the correct rate of interest as required by statute." The Amended Final Judgment stated that it was rendered in place of the October 12 judgment. It is otherwise identical to the October 12 judgment except that it orders "that all costs of court incurred, plus post-judgment interest at the rate of ten percent (10%) per annum from date of judgment, herein be, and the same are hereby adjudged against the Defendants ...".

It is undisputed that appellants have timely perfected their appeal if the appellate timetable began to run from the signing of the second judgment. If, however, the appeal should have been perfected from the first judgment, appellants' cost bond was filed late and we have no jurisdiction to hear this appeal.

Appellees argue that the first judgment was not so vague as to warrant its later modification and, therefore, the entry of the second judgment did nothing more than enlarge the period for perfecting an appeal in contradiction to TEX.R.CIV.P. 5. We do not believe the issue in this motion to dismiss turns on whether or not the modification was warranted. The modification occurred within the trial court's plenary power to vacate, modify, correct or reform its judgment.[1] Within that period its power to modify a judgment is virtually absolute. *Mesa Agro v. R.C. Dove & Sons,* 584 S.W.2d 506, 508 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.). If the court exercises its plenary power and modifies its judgment "in any respect" the time for appeal runs from the time the modified judgment is signed. TEX.R.CIV.P. 329b(h).

---

1. Appellants' motion to modify the judgment and their initial motion for new trial extended the court's plenary power until 30 days after the motions had been overruled. TEX.R.CIV.P. 329b(e), (g).

Appellees contend that the judgment was not modified in any respect since the effect of the interest award in both judgments was the same; the judgment will bear interest at the maximum legal rate which, in this instance, is ten percent. Post-judgment interest is recoverable even if the judgment is totally silent on the subject. *Golden v. Murphy*, 611 S.W.2d 914, 916–17 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). We hold that the change in the second judgment qualifies as a modification or correction "in any respect." The original judgment failed to follow the mandate that "[e]ach judgment shall state the rate of interest to be earned on that judgment." TEX.REV.CIV.STAT. ANN. art. 5069–1.05 § 3(b) (Vernon Supp. 1971–1983). The second judgment properly corrected this oversight by supplying the numerical rate of post-judgment interest.

Rule 5 has no application in these circumstances. It provides that the time for taking an appeal may not be enlarged "except as stated in these rules." The prohibition against enlargement is overriden by Rule 329b which provides that the trial court in the exercise of its plenary power may vacate its judgment or enter a modified, corrected or reformed judgment. Such actions necessarily, and pursuant to the terms of Rule 329b, enlarge the period within which an appeal may be taken. *See Mesa Agro v. R.C. Dove & Sons*, 584 S.W.2d at 509–10.

Appellees' second argument is that the change in the second judgment was not material and, therefore, did not start the appeal time running from that judgment. There is no materiality restriction in Rule 329b(h). Indeed, the inclusion of the phrase "in any respect" by the 1981 amendments apparently was inserted to change the ruling in cases such as *Hamrah v. Hamrah*, 547 S.W.2d 308, 311 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.), which held that a change in the judgment must be material in order to start the appellate timetable running from the second judgment. Guittard, *Other Significant Changes in the Appellate Rules*, 12 ST. MARY'S L.J. 667, 670 (1981). A litigant's right to appellate review of an adverse judgment no longer turns on the subjective determination of whether or not a second judgment made a material change in the original judgment. Under that rule, if an appellant's interpretation of the phrase "material change" differed from that of the appellate court, he could find his right to appeal cut off because he perfected his appeal from the wrong judgment. *See e.g., Hamrah v. Hamrah, supra; I.S. Inc. v. I.C.O., Inc.*, 567 S.W.2d 568 (Tex.Civ.App. —San Antonio 1978, writ ref'd n.r.e.). The Supreme Court Advisory Committee, after much debate over the material change rule, determined that the more liberal protection of one's right to appellate review should prevail. Pope & McConnico, *Practicing Law With the 1981 Texas Rules*, 32 BAYLOR L.REV. 457, 499–500 (1980). In harmony with this approach, an objective test was adopted by the 1981 amendments to Rule 329b. It is now the rule that any modification, correction or reformation of a judgment, such as the one occurring in the instant case, is sufficient to commence the running of the appellate timetable from the signing of the modified, corrected or reformed judgment. Rule 329b(h).

The motion to dismiss the appeal is denied.