Opinion issued November 20, 2008


 












In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01008-CV






KIMBERLY BOZEMAN, Appellant


V.


SUZANNE P. KORNBLIT, SUCCESSOR ADMINISTRATOR OF THE
ESTATE OF REIN HENDERSON, DECEASED, Appellee






On Appeal from County Court at Law No. 4

Fort Bend County, Texas

Trial Court Cause No. 17, 132






MEMORANDUM OPINION

 This appeal concerns whether appellant, Kimberly Bozeman, the deceased's
mother and an heir, received proper notice before the trial court approved the Account
for Final Settlement (the Account) of the estate of her son, Rein Henderson. 
Bozeman contends the trial court erred by approving the Account because Bozeman
was not properly served with citation or given adequate notice as required by the
Texas Probate Code and the Due Process Clause of the United States Constitution.
We conclude appellant's complaints were rendered moot when the trial court
rescinded a previous order and re-examined the accounting after Bozeman received
both actual and proper notice as required by the Texas Probate Code and Due Process
Clause of the United States Constitution. Accordingly, we affirm the trial court's
judgment.

BACKGROUND


The Underlying Lawsuit 

 On May 14, 2002, following Rein's death, the trial court signed an order
appointing David Henderson, Rein's father, as administrator of Rein's estate (the
Estate). Thereafter, Suzanne P. Kornblit was appointed as Successor Administrator
of the Estate and was authorized by the trial court to employ counsel to perform
services to recover any survival claim the Estate might be entitled to receive. In
January 2004 and February 2005, Kornblit filed sworn Annual Accounts as required
by Texas Probate Code Section 399, which were subsequently approved by the trial
court. (1)

 On June 23, 2005, Kornblit filed the Account and Application to Distribute the
Estate. Korblit mailed a copy of the Account for Final Settlement to Bozeman at her
Yardley address in Katy, Texas. Kornblit's letter included a copy of the Account for
Final Settlement, a Waiver of Citation, and a request that Bozeman complete the
waiver and return it to Kornblit's office. Although Bozeman does not dispute that she
received the letter, she contends she did not sign or return the proposed Waiver of
Citation because she was unwilling to have the Account considered without notice to
her. The correspondence did not include a statement that the Account had been filed,
the time and place when it would be considered by the court, or a statement requiring
Bozeman to appear and/or contest the Account, as required by the Probate Code. See
Tex. Prob. Code Ann. § 407 (Vernon 2003).

 Instead, the same day Kornblit filed the Account with the Fort Bend County
Clerk and sent by certified mail the letter, waiver, and account to Bozeman, Kornblit
requested that the Fort Bend County Clerk issue citation for the Account by posting. 
The posted citation provided that the trial court would "hear" and act upon the
Account after July 11, 2005. Bozeman was never served the citation issued by the
county clerk, which citation was posted only at the Fort Bend County courthouse.

The August Order

 On August 5, 2005, the trial court signed an order approving the Account. 
Bozeman did not receive notice of the hearing before the trial court approved the
order, did not appear, and did not contest the Account. On September 6, 2005,
Bozeman filed a motion for new trial, alleging she was not given an opportunity to
contest the Account or produce evidence against the Account in violation of Probate
Code sections 407 and 408, the Due Course of Law provision of the Texas
Constitution, (2) and the Due Process clause of the United States Constitution. Also on
September 6, 2005, counsel for Bozeman filed an affidavit, in which he averred that
he represented Bozeman and had made inquiries concerning whether a hearing had
been set on the Account so that "we could determine the deadline to object to it." On
October 5, 2005, the trial court signed an order denying Bozeman's motion for new
trial.

The Appeal (Bozeman I)

 On November 3, 2005, Bozeman filed a Notice of Appeal of the August Order. 
The appeal was assigned No. 01-05-01066-CV in this Court. On June 21, 2007, this
Court dismissed the appeal for lack of jurisdiction, concluding that the August Order
that approved the Account was not final and not appealable. Bozeman v. Kornblit, 232
S.W.3d 261, 264-65 (Tex. App.--Houston [1st Dist.] 2007, no pet.).

The October Order

 On August 31, 2007, the trial court sua sponte rescinded its August Order. 
After rescinding the order, the trial court sent notice to Bozeman at her Yardley
address and a separate notice to her counsel. On October 8, 2007, the trial court
conducted an oral hearing on Kornblit's Application to Close Estate. Bozeman
attended the hearing. At that hearing, the trial court signed a second order and
discharged Kornblit as the Successor Administrator.

The Second Appeal (Bozeman II)

 On November 7, 2007, Bozeman filed a second appeal, which encompasses both
Orders Closing the Estate.

LAW AND ANALYSIS


 Bozeman contends that she was not properly served with citation or given
adequate notice regarding the Account as required by the Probate Code and the Due
Process clause of the Fourteenth Amendment of the United States Constitution. Tex.
Prob. Code Ann. §407; U.S. Const. amend. XIV, § 1. Kornblit responds that the
trial court's previous order was rescinded after Bozeman challenged the notice defects,
that a subsequent hearing was held after proper notice, and that Bozeman appeared,
thus rendering Bozeman's notice defects complaints moot. We agree with Kornblit.

 Bozeman relies on Texas Probate Code § 407, which states:

 Upon the filing of an account for final settlement by temporary or
permanent personal representatives of the estates of the decedents,
citation shall contain a statement that such final account has been filed,
the time and place when it will be considered by the court, and a
statement requiring the person or persons cited to appear and contest the
same if they see proper. Such citation shall be issued by the county clerk
to the persons and in the same manner set out below.


 1. In case of the estates of deceased persons, notice shall be given by the
personal representative to each heir or beneficiary of the decedent by
certified mail, return receipt requested, unless another type of notice is
directed by the court by written order. The notice must include a copy of
the account for final settlement.


 2. If the court deems further additional notice necessary, it shall require
the same by written order. In its discretion, the court may allow the
waiver of notice of an account for final settlement in a proceeding
concerning a decedent's estate.


Tex. Prob. Code Ann. § 407.

 Bozeman also claims notice was defective under the Fourteenth Amendment to
the United States Constitution, which prohibits the States from "depriv[ing] any
person of life, liberty, or property, without due process of law[.]" Tex. Worker's
Comp. Comm'n v. Patient Advocates, 136 S.W.3d 643, 658 (Tex. 2004); U.S. Const.
amend. XIV, §1. Due process at a minimum requires notice and an opportunity to be
heard at a meaningful time and in a meaningful manner. Id. A judgment entered
without proper notice or service is constitutionally infirm. Peralta v. Heights Medical
Center, Inc., 485 U.S. 80, 84108 S. Ct. 896, 899 (1988).

 The Probate Code further requires certain action by the court:


 § 408. Action of the Court


 (A) Action Upon Account. Upon being satisfied that citation has been
duly served upon all persons interested in the estate, the court shall
examine the account for final settlement and the vouchers accompanying
the same, and, after hearing all exceptions or objections thereto, and
evidence in support of or against such account, shall audit and settle the
same, and restate it if that be necessary.


Tex. Prob. Code Ann. §408 (Vernon 2008).

 It is undisputed that Bozeman was an heir and owner of a 50% interest in the
Estate, that Kornblit's request for an Account sought to disburse the Estate's interest,
and that Bozeman could have been directly and adversely affected by the trial court's
approval of the Account. The Probate Code governs Bozeman's rights as an heir as
follows:

 Any person interested in an estate may, at any time before any issue in
any proceeding is decided upon by the court, file opposition thereto in
writing and shall be entitled to process for witnesses and evidence, and
to be heard upon such opposition, as in other suits.


Tex. Prob. Code Ann. §10 (Vernon 2003).

 Section 10 of the Probate Code provided Bozeman with a procedure by which
she could contest the proceedings. See id. § 10. Bozeman did not file any pleading
objecting to the Account. Kornblit claims in her brief that attorneys for Henderson
and Bozeman had appeared earlier in the probate matter to contest who should be
appointed Administrator, and, indeed, the record shows that attorneys for Henderson
and Bozeman had appeared and agreed to the appointment of Kornblit as the successor
Administrator. There is no evidence in the record to show that Bozeman received
citation or notice by certified mail as required by the Probate Code pertaining to the
Account, but it is undisputed that, after the Account was filed by Kornblit, Bozeman
took actions through her counsel to determine when the hearing on the Account would
be set. Bozeman also filed a Motion for New Trial. 

 Assuming she did not receive any notice before the August 2005 order was
signed, Bozeman did receive notice from the trial court via the County Clerk's office
regarding the October 8, 2007 hearing. The trial court sua sponte had rescinded the
complained-of August Order and ordered a new hearing to re-examine the Account. 
Bozeman appeared at the hearing, had the opportunity to contest the Account, present
evidence and ask questions of the Administrator and the trial court. In fact, Bozeman
does not complain that her notice of the October 8, 2007 hearing was inadequate under
either the Probate Code or the Due Process Clause of the United States Constitution. 
Thus, Bozeman had notice and an opportunity to be heard. 

 Every district and county level court of general jurisdiction has the jurisdictional
power to vacate, modify, correct, or reform a final judgment or to grant a new trial at
any time before its plenary power expires. Check v. Mitchell, 758 S.W.2d 755,
755-756 (Tex. 1988). Within the periods during which the trial court has the plenary
power to vacate, modify, correct, or reform its judgment, its jurisdictional power to
modify the judgment in accordance with the law and the evidence is virtually absolute. 
Garza v. Serrato, 671 S.W.2d 713, 714 (Tex. App.--San Antonio 1984, no writ). 
Tex. R. Civ. P. 329(b).

 Here, because the October order was signed within the trial court's plenary
power, it had the power to sua sponte rescind its earlier order and order a new hearing
to correct any deficient notice required by the Due Process Clause of the United States
Constitution and the Texas Probate Code. Therefore, her arguments that she received
ineffective notice under the Texas Probate Code and the United States Constitution
were rendered moot as a result of the October 8, 2007 hearing.

CONCLUSION We affirm the trial court's judgment.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.


1. 
 ' 
 
2.