

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-00243-CV
_____

IN THE MATTER OF THE MARRIAGE OF SHANNON
E. ANDERTON AND LAJUANA JO ANDERTON AND IN
THE INTEREST OF S. E. A. AND L. J. A., CHILDREN

On Appeal from 69th District Court
Sherman County, Texas
Trial Court No. 4897, Honorable Ron Enns, Presiding

June 26, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The trial court terminated the marriage of appellant LaJuana Jo Anderton (Wife) and appellee Shannon E. Anderton (Husband) through a decree of divorce. Wife brings four issues on appeal concerning property. We will affirm.

Background

Husband and Wife were married in April 2003, and Husband filed a petition for divorce in July 2009. Wife filed a counterpetition the next month. The case was tried to the bench in settings in September 2010 and November 2010. The parties' chief

disputes at trial, and now on appeal, involve characterization of property and division of the marital estate. No findings of fact and conclusions of law were prepared. Wife's motion for new trial was overruled by operation of law and this appeal followed.

Analysis

Interests in the ESOP and IRA

Through her first and second issues, Wife argues the trial court abused its discretion in finding interests in an employee benefit plan and an IRA were Husband's separate property because the findings were not supported by sufficient evidence.

In a decree of divorce, a trial court must "order a division of the estate of the parties in a manner that the court deems just and right." Tex. Fam. Code Ann. § 7.001 (West 2006). The court may divide only the spouses' community property. *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex. 1985). Community property is property, other than separate property, acquired by either spouse during marriage. Tex. Fam. Code Ann. § 3.002 (West 2006). It is presumed that property possessed by either spouse during or on dissolution of marriage is community property rather than separate property. *Id.* § 3.003(a). Separate property includes, among other things, property owned or claimed by a spouse before marriage. *Id.* § 3.001(1). A party who claims that property is separate property must prove the necessary facts by clear and convincing evidence in order to overcome the presumption of community property. Tex. Fam. Code Ann. § 3.003(b) (West 2006).

To overcome the community presumption, the spouse claiming certain property as separate has the burden of tracing and clearly identifying the property claimed to be separate. *McKinley v. McKinley,* 496 S.W.2d 540, 543 (Tex. 1973) (citing *Tarver v. Tarver,* 394 S.W.2d 780, 783 (Tex. 1965)). Tracing involves establishing the separate origin of the property through evidence proving the time and means by which the spouse originally obtained possession of the property. *Moroch v. Collins,* 174 S.W.3d 849, 856-57 (Tex.App.--Dallas 2005, pet. denied) (citing *Ganesan v. Vallabhaneni,* 96 S.W.3d 345, 354 (Tex.App.--Austin 2002, pet. denied)).

To determine whether the trial court erred in characterizing property, we apply an abuse of discretion standard. *Boyd v. Boyd,* 131 S.W.3d 605, 617 (Tex.App.--Fort Worth 2004, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or, said differently, the act under review was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). Under the abuse of discretion standard, applied in a family law case, legal and factual sufficiency of the evidence are not independent grounds of error, but are relevant factors for determining whether the trial court abused its discretion. *Boyd,* 131 S.W.3d at 611; *Moroch v. Collins,* 174 S.W.3d 849, 857 (Tex.App.--Dallas 2005, pet. denied); *see Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991) (turnover order). Only if the trial court's mischaracterization is of such proportion that it affects the just and right division of the community estate must we remand the entire case for a just and right division based on the correct characterization of the property. *Boyd,* 131 S.W.3d at 618.

Through his employer, Husband participated in an employee benefit plan the evidence refers to both as a defined contribution plan and an "ESOP."[1] There is testimony that the employer determined the value of an employee's interest in the plan on October 31 of each year. A document in evidence shows the value of Husband's account in the plan on October 31, 2002, before the couple's April 2003 marriage, and shows its value on October 31, 2003, some six months after the marriage. But Husband offered no document or other evidence except his testimony to establish his account's value on the date of marriage. Husband agreed with his counsel that the date-of-marriage value, and thus his separate property interest in the account, was reached by taking the increase of the account value between October 2002, and October 2003, "kind of cut[ing] it in half," and adding that amount to the account value on October 2002. Wife contends by her first issue that Husband's evidence fell short of the clear and convincing evidence necessary to sustain the characterization of that amount of the account as separate property.

During his testimony, Husband told the court that before the marriage and before his employer created the ESOP, it had a profit-sharing plan in which he participated. Through some documents and his testimony, he asserted that some $18,000 held at the time of trial in a Modern Woodmen of America IRA was properly traced from the profit-sharing plan through two other investment accounts and into the IRA. The trial court

---

[1] "ESOP" typically refers to an employee stock ownership plan. *See, e.g., In re Epic Holdings, Inc.*, 985 S.W.2d 41, 44 (Tex. 1998) (orig. proceeding). Except for Husband's scant testimony and a statement of annual account activity containing the designation "ESOP," the record contains no plan document or further description of the terms of the benefit plan. With regard to its characterization as a defined contribution plan, the record contains no evidence of the nature, frequency, amounts, or sources of the contributions.

agreed. By her second issue, Wife asserts the trial court erred by finding that $18,000 to be Husband's separate property claim.

Assuming, without deciding, that Wife is correct in her assertions that Husband's evidence failed to satisfy the clear and convincing standard, we cannot agree that reversal is required. On this record, and in the absence of findings of fact and conclusions of law regarding the value of the community estate, we are unable to say that the mischaracterization of those two amounts of the ESOP and the IRA were of such proportion that it materially affected the just and right division of the community. *See Jacobs,* 687 S.W.2d at 732; *Boyd,* 131 S.W.3d at 618; Tex. Fam. Code Ann. § 6.711(a)(2) (West 2006). Wife's first and second issues are overruled.

Lien for Reimbursement

During their marriage, Husband and Wife bought the Blake farm, a 114-acre tract containing pastureland, 52 irrigated acres of cropland and a house. To make the purchase, they borrowed some $206,964.44 from a bank, and secured the loan with a deed of trust lien.

In the trial court's division of the community estate, Husband was awarded the Blake farm along with the remaining indebtedness to the bank. Wife sought reimbursement for $114,774 she paid on the Blake farm note from her separate property funds. The trial court awarded her reimbursement of $82,400, payable by Husband over a period of years, evidenced by a promissory note from Husband and secured with an equitable lien on the Blake farm. Through her third issue, Wife argues

5

ordering reimbursement of only $82,400[2] was an abuse of discretion since she paid $114,774 from her separate funds.

As noted, this suit was filed in July 2009, before the September 1, 2009, effective date of the repeal of § 3.403 of the Family Code, concerning claims based on economic contribution.[3]  Wife's counterpetition asserted a claim for economic contribution based on her separate estate's expenditure of funds to reduce the principal of a debt secured by a lien on community property.  *See* Tex. Fam. Code Ann. § 3.402(a)(3) (defining "economic contribution" to include the dollar amount of such a principal reduction), *amended by,* Act of May 19, 2009, 81st Leg., R.S., ch. 768, § 3, 2009 Tex. Gen. Laws 1950, 1951-52.[4]

In its application of equitable principles to value a reimbursement claim a trial court enjoys great latitude, for the task is not merely the balancing of the ledgers between competing marital estates.  *Penick v. Penick,* 783 S.W.2d 194, 198 (Tex. 1988).  The discretion exercised by a trial court in evaluating a claim for reimbursement is equally as broad as the discretion it exercises in making a just and right division of the

---

[2] The court offset half of the proceeds from the sale of community property cattle, in the amount of $3,279.21, from the $82,400, leaving a net reimbursement of $78,690.28.  Wife does not complain of the offset.

[3] *See* Act of May 21, 1999, 76th Leg., R.S., ch. 692, § 2, 1999 Tex. Gen. Laws 3292, 3292-93, *amended by,* Act of May 18, 2001, 77th Leg., R.S., ch. 838, § 2, 2001 Tex. Gen. Laws 1679, 1681, *amended by,* Act of May 28, 2003, 78th Leg., R.S., ch. 230, § 1, 2003 Tex. Gen. Laws 1056, 1056, *repealed by* Act of May 19, 2009, 81st Leg., R.S., ch. 768, § 11(3), 15, 2009 Tex. Gen. Laws 1950, 1953.

[4] *See* Act of May 21, 1999, 76th Leg., R.S., ch. 692, § 2, 1999 Tex. Gen. Laws 3292, 3292-93, *amended by,* Act of May 18, 2001, 77th Leg., R.S., ch 838, § 2, 2001 Tex. Gen. Laws 1679, 1680-81, *amended by,* Act of May 19, 2009, 81st Leg., R.S., ch. 768, § 3, 2009 Tex. Gen. Laws 1950, 1951-52.

community estate. *Id.* Here, the trial court's decree states that the award of reimbursement was "part of" the division of community property between the parties.

The trial court is vested with broad discretion in dividing the community estate and we presume it properly exercised that discretion. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex. 1981). And in the absence of findings of fact and conclusions of law we presume the trial court considered the entire circumstances of the parties in dividing their community property.[5] *Kimsey v. Kimsey,* 965 S.W.2d 690, 704 (Tex.App.--El Paso 1998, pet. denied). As trier of fact, the trial court was the exclusive judge of the weight and credibility of the witnesses and the weight assigned their testimony. *Prentiss v. Prentiss,* No. 02-10-0476-CV, 2012 Tex. App. Lexis 2070, at 12 (Tex.App.--Fort Worth Mar. 15, 2012, no pet.) (mem. op.). On this record we are unable to say the trial court abused its discretion in determining the amount of reimbursement due Wife. For example, Husband testified the fair market value of the Blake farm was $177,000. He assigned a value of $1050 an acre to the 52 irrigated acres, $493 an acre to the pastureland[6] and the remaining amount to improvements.[7] If the trial court accepted Husband's opinion testimony of the value of their property, and accepted the undisputed evidence that the balance on the indebtedness was $94,579.22, the equity in the Blake farm was some $82,420, the amount of reimbursement ordered. Under § 3.403(d) of

---

[5] Although their divorce was granted on insupportability grounds, Husband and Wife each plead fault as a ground authorizing a disproportionate division of the community estate. Evidence was admitted without objection of conduct on the part of both that could have led to the divorce.

[6] He testified that was the approximate amount for which Wife had sold some of her separate property pastureland that was similar to that on the Blake farm.

[7] Asked why the couple paid more than that for the property, Husband indicated Wife had negotiated the purchase, and he did not know the reason.

the economic contribution provisions then in effect, the amount of an economic contribution claim could not exceed the equity in the property at the time of divorce. Tex. Fam. Code Ann. § 3.403, *repealed by* Act of May 19, 2009, 81st Leg., R.S., ch. 768, § 11(3), 15, 2009 Tex. Gen. Laws 1950, 1953.

Wife's third issue is overruled.

Decree Differs from Rendition

In her fourth issue, wife complains that the decree signed by the trial court differs from an earlier letter ruling. She asks that we reform the decree to correspond with the letter ruling. After trial, the court notified the parties of its "ruling" in a letter that bears the file stamp of the district clerk. Wife points out that the court's letter states the remaining balance in the ESOP "(@$95,480.10) shall be divided equally between the parties," but the decree fails to carry out that result.

"If the written order does not comport with the judgment rendered, the parties are entitled to have the order reformed to accurately reflect the action taken by the trial court." *Stallworth v. Stallworth,* 201 S.W.3d 338, 349 (Tex. App.--Dallas 2006, no pet.). Tex. R. Civ. P. 329b(d)(g); *Mesa Agro v. R.C. Dove & Sons,* 584 S.W.2d 506, 508 (Tex.Civ.App.--El Paso 1979, writ ref'd n.r.e.). While the trial court maintains plenary jurisdiction, its power to modify its judgment is virtually absolute. *Garza v. Serrato,* 671 S.W.2d 713, 714 (Tex.App.--San Antonio 1984, no writ).

We will assume, without deciding, that the trial court's letter constitutes its rendition of judgment. *See S&A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex. 1995) (judgment rendered when trial court judge declares decision of law on matters at

8

issue, either in open court or by memorandum filed with clerk). Any differences in the division of the ESOP between the letter and the signed final decree may be considered a modification within the plenary power of the trial court. *In re Marriage of McLain,* No. 07-06-0143-CV, 2007 Tex. App. Lexis 7993, at *12-13 (Tex.App.--Amarillo Oct. 8, 2007) (mem. op.) (citing *Stallworth,* 201 S.W.3d at 349); *Cook v. Cook,* 888 S.W.2d 130, 131-32 (Tex.App.--Corpus Christi 1994, no writ). Further, as noted we have no findings of fact and conclusions of law explaining any differences in the letter and the decree. We must therefore presume a proper exercise of the trial court's discretion. *Stallworth,* 201 S.W.3d at 349. Wife's fourth issue is overruled.

Conclusion

Having overruled wife's four issues, we affirm the judgment of the trial court.


James T. Campbell
Justice